# COUNTY OF WASHINGTON,

### AT THE

## AUGUST TERM, 1871.

PRESENT:

Hon JAMES BARRETT,
Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,

---

## TOWN OF PLAINFIELD *v.* CHARLES T. BATCHELDER.

*Pleading. General Issue. Replevin. Intoxicating Liquor. Town Officers. Liquor Agent.*

The plea of "Not Guilty" under the Statute, Gen. Sts., §14, ch. 35, is the "general issue," and, in a replevin of intoxicating liquor, puts in issue every material fact; as well the property in the liquor, as the taking and detention.

The liquor having been forfeited under legal proceedings for that purpose, the record thereof was in this replevin suit the proper, and only legitimate, evidence of that adjudication; but parol evidence to show the identity of the property *held* admissible.

Intoxicating liquor held by town officers for purposes in contravention of the statute, is as liable to seizure and forfeiture as that held by other persons for like purposes.

The agent for selling liquor under the statute is not an instrument of the town, but an officer of the law.

2

REPLEVIN for two barrels of whisky. Plea, the general issue, and notice of special matter in defense. Trial by jury, March term, 1871, PECK, J., presiding.

The plaintiff introduced as a witness one Thomas P. Bartlett, who testified in substance that in March, 1869, he was the first selectman and law agent of the town of Plainfield; that in accordance with an understanding and by the direction of the other two selectmen of Plainfield, he purchased the two barrels of whisky in controversy in this suit, to be sold by the town agent appointed for that purpose by the county commissioner, for medicinal and mechanical purposes only, and drew the same to Plainfield, and stored it for safe keeping in Mr. Page's store, no town agent having then been appointed; that the defendant took said two barrels of whisky on or about the second day of June, 1869, out of the possession of the plaintiff, from said Page's store. On cross-examination the witness testified in substance that he understood the defendant took said liquor, or claimed to, by virtue of a warrant issued by one S. B. Gale, justice of the peace; that he as town agent and as one of the selectmen, with another of the selectmen, appeared before the said justice in said seizure proceedings, and caused the said town of Plainfield to enter as claimant for said whisky; that there was a hearing by the justice, and said suit was appealed to the next term of the county court, and that a hearing was had in the county court in said suit; that the liquors in this suit are the same that Batchelder seized in Page's store, and that were in question in that seizure suit.

The defendant offered to introduce the record of said case in the county court of *State* v. *Intoxicating Liquor, Town of Plainfield Claimant.* To the introduction of this record as evidence the plaintiff objected under the plea and notice. The court decided the same admissible under the plea and notice, to which the plaintiff excepted. The plaintiff also objected to the record aforesaid, on the ground that it was not a suit between the same parties, and that the determination of the suit, *State* v. *Intoxicating Liquor, Town of Plainfield Claimant,* did not depend on the same *degree* of proof as the present suit, and that the record of the suit of *State* v. *Intoxicating Liquor* did not show that the

same liquor was adjudged forfeited which the plaintiff claims to recover in this suit, as a part of it was described as gin, and that parol proof is inadmissible to alter or explain the record or show that it was intended to be the same liquor in controversy in this suit. It was admitted that the defendant had never taken or seized any liquor belonging to the plaintiff but once. The court admitted the record, and decided that the parol proof in the case was admissible to show the identity of the liquor, and to show that the liquor in this suit was the same taken by defendant and adjudged forfeited in the suit of record; and to this decision of the court the plaintiff excepted. The plaintiff also claimed that if the whisky was purchased as testified to by the plaintiff's witness, that the same was not liable to be adjudged forfeited in any event, and that any proceedings of forfeiture would not be a bar to this suit; but the court decided that if the liquor was the same in the two suits, the record was a protection to this defendant as an officer in that suit, but that the plaintiff might go to the jury on the question of identity of the property in the two suits; to which decision the plaintiff excepted. It was admitted that the law agent settled this suit substantially as set forth in the notice, and that the selectmen and town repudiated said settlement, and the plaintiff claimed the same was not binding on the town. The plaintiff also claimed that in any event the defendant was not entitled to a verdict that the plaintiff should return the whisky, claiming that it had never been in the plaintiff's possession since it was taken by the defendant, but was now in the possession of the sheriff, one of the officers of the court. But the court decided otherwise, and the plaintiff having declined to go to the jury, the court directed the jury to return a verdict for the defendant for nominal damages and costs, and that the plaintiff return the whisky to the defendant. To the refusal of the court to charge as requested, and to the decision of the court as given upon the points above stated, the plaintiff excepted.

The defendant alleged in his notice, among other things,

"That this defendant served and took and had possession of the goods and chattels named in the said writ of replevin, as a deputy sheriff in and for the county of Washington, upon and

by virtue of a search warrant, issued by ―――――― ――――――, a justice of the peace in and for the county of Washington, and that said goods and chattels were declared and adjudged forfeited by the Honorable County Court in and for the county of Washington, at the March term thereof, A. D. 1870, to the use of the town of Plainfield ; and the same were by said court ordered to be delivered over to the town agent appointed by the county commissioner."

*S. C. Shurtleff* and *Randall & Durant,* for the plaintiff.

*C. H. Heath,* for the defendant.

The opinion of the court was delivered by

REDFIELD, J.    This case is replevin for two barrels of whisky.

In June, 1869, this liquor was in the possession of the defendant as an officer of the law, under a proper warrant of seizure ; and while thus in his possession it was taken from him by this writ of replevin.    The forty-first section of chapter ninety-four provides that the proceedings under the warrant for seizure shall not be delayed by the replevin, but " such seizure proceedings shall proceed to final judgment as if no replevin had been commenced." And that case proceeded until the March term of the county court, 1870, when final judgment was rendered — that said liquor be forfeited to the use of the town of Plainfield; and the same was ordered to be delivered to the agent of said town, appointed by the county commissioner.

I.    The plea of " not guilty," under our statute, is the " general issue," and puts in issue every material fact: as well the *property* in the liquors as the *taking* and *detention*.    § 14, ch. 35.

II.    The record of the proceedings for forfeiture was the proper, and only legitimate, evidence of that adjudication.

III.    The parol evidence — to show the *identity* of the property —was properly admitted.

IV.    The judgment for the *return* of the property was regular, and, we think, in accordance with the imperative requirement of the statute.    The fortieth section, chapter ninety-four, (Gen. Stats.,) requires the replevying officer to hold the liquor until the

final determination of the replevin suit; "whereupon the same shall be delivered to the plaintiff in the replevin if judgment be for him ; but otherwise it shall be delivered to the defendant in the replevin, or to such officer as shall have *authority to hold or destroy the same under the original seizure proceedings.*"

It is claimed that intoxicating liquor owned by towns is not liable to forfeiture under the provisions of the twenty-third section, chapter ninety-four, (Gen. Stats.) But it is only intoxicating liquor "purchased for sale by the agent of such town for medicinal, chemical and mechanical purposes *only*," which is to be delivered to "such agent"; and "such agent" is the person duly appointed by the county commissioner under this statute.

Intoxicating liquor held by the officers of the town for purposes in contravention of the provisions of the statute, is as liable to seizure and forfeiture as that held by other persons for like purposes ; and the fact has been adjudicated that this liquor was held for unlawful use.

The agent for selling liquor under the statute is not an *instrument* of the town, nor appointed by the town. He receives his appointment from another source, and is an officer of the *law*.

We find no error, and the judgment of the county court is affirmed.