## SIDNEY J. LOOP v. ALVIN H. WILLIAMS.

*Replevin. Justification under the Plea of Not Guilty. Notice of Special Matter. Intoxicating Liquor.*

In replevin under § 13, ch. 35, of the Gen. Sts., *not guilty* is a proper plea, and under it the defendant may justify under legal process.

It is sufficient if notice of special matter under the general issue fairly notifies the plaintiff of the *substance* of all the defendant will rely upon in defence, without regard to form, or the logical order of statement. Hence, an averment in such notice that a complaint for a warrant of search for intoxicating liquor, *was duly sworn to*, is sufficient. Nor need such notice conclude with a verification *by the record*, when matter of record is alleged therein.

Such complaint stated that the complainants believed intoxicating liquor to be kept by the plaintiff in certain places named, and the warrant of search thereto attached, recited the making of the complaint, and commanded the officer to enter and search the premises named therein, to wit: "the store, office, or shop occupied and used by S. J. Loop, [the plaintiff], on the corner of Freight and Evelyn streets, in the village of Rutland, in the town of Rutland, and the cellar connected therewith, and the store, rooms, and cellar occupied by Landon & Huntoon, in the same building," and then proceeded in the form prescribed by statute. *Held*, that the warrant was legal.

The defendant as special deputy seized intoxicating liquor by virtue of a warrant for that purpose, and the same was duly adjudged forfeited; but before such adjudication, it was replevied from the defendant's possession. *Held*, that the defendant was entitled to the custody of said liquor until final warrant should be issued in the seizure proceedings, but only for the purpose of answering the demand of the officer holding such warrant; and it was adjudged that said liquor be returned to the defendant, or to such other officer as should have warrant or authority to hold or destroy the same under the original seizure proceedings.

REPLEVIN for a quantity of liquors. Plea, not guilty, and notice of special matter in justification. Trial by the court, September Term, 1874, WHEELER, J. presiding. The writ was dated and served the 26th of February, 1874. Said notice averred the making of complaint under oath by three legal voters of the town of Rutland, before a justice of the peace, pursuant to § 22, ch. 94, of the Gen. Sts.; that said complaint " being duly sworn to," the justice thereupon issued his warrant of search and seizure, directed to any sheriff or constable in the state, commanding, &c.; that the sheriff of the county specially deputed the defendant to serve said warrant, and that by virtue thereof, the defendant did search for and seize said liquor ; that said warrant was duly returned to the justice, and the plaintiff appeared and claimed said liquor, and that " such proceedings were had that said intoxicating liquors were adjudged forfeited to the use of the town of Rutland, and this defendant commanded to deliver the same to the agent of said town, to be sold by him agreeably to the provisions of chapter 94 of the General Statutes, which order this defendant was prevented from executing, by said liquor being taken from him by virtue of the writ in this case." Prayer for a return of the property. The notice did not conclude with any verification.

On the trial, the plaintiff proved by the defendant's attorney, without objection, that he was employed by the defendant to defend this case, and paid by the treasurer of a so-called Citizens' Committee, organized for the purpose of enforcing the provisions of the liquor law, and that he did not appear in behalf of the town of Rutland. Said liquor having been adjudged forfeited and directed to be delivered over to said town as hereafter stated, said town appeared by its attorney and consented in open court and on trial, to a judgment for the plaintiff; who claimed judgment accordingly ; but the court would not allow the attorney of the town to control the case in that respect, as against the attorney of record for the defendant, and directed the trial to proceed. The plaintiff thereupon introduced evidence which was not contradicted, proving his ownership of the liquors, and the taking and detention thereof by the defendant. The defendant, in justi-

fication, offered in evidence a record of certain proceedings before B. W. Marshall, justice of the peace, under which said liquors were seized, and wherein it appeared that the same were adjudged forfeited to the use of the town of Rutland. The plaintiff objected to the admission of said record, because it did not correspond in various material particulars with the notice ; and also, for that the facts stated in the notice and shown, as well as in said record, were insufficient to justify the taking and detention complained of ; but the court held otherwise, and admitted the record in evidence. The record recited, that at a justice court held at, &c., on, &c , a quantity of intoxicating liquor was seized and brought before, &c., as per complaint in the words and figures following, and then set out the complaint and warrant *in hæc verba*, with the officer's return thereon, which showed that he entered and searched the premises described in the warrant, and found therein certain liquors specified, and summoned the plaintiff and Landon & Huntoon to appear before the justice ; and said record further recited, that the plaintiff appeared before the justice on the 24th of February, 1874, and claimed said liquor, and that at his request the case was continued until the 27th of said February, at which time the plaintiff appeared not, but therein made default, and that on hearing, " it being shown by satisfactory evidence that said liquor was intended for sale contrary to the provisions of chapter ninety-four of the General Statutes, and it not being shown by satisfactory evidence that said liquor is of foreign production, and that it has been imported under the laws of the United States, and in accordance therewith, and that it is contained in the original packages in which it was imported, and in quantities not less than the United States prescribe, it is adjudged by said justice that said intoxicating liquor, and the vessels in which the same is contained, be forfeited to the use of the town of Rutland aforesaid, to be sold by the agent of said town for medicinal, chemical, or mechanical purposes only, and a warrant duly issued to carry said judgment into effect. And afterwards, to wit, on the 14th day of April, E. C. Lewis, town agent of the town of Rutland for the sale of intoxicating liquors for medicinal, chemical, and mechan-

52

ical purposes only, certified on said warrant that he had examined all the intoxicating liquors delivered to him by virtue of said warrant, except five barrels which had been stolen or taken away by the truckman who was employed to draw the same to said agent; and that he found six barrels * * * to be unfit for medicinal, chemical, and mechanical purposes, and that he refused to receive the same; and the balance or remainder of said intoxicating liquor having been taken from the officer holding the same, on a writ of replevin, it could not be delivered to said agent on said warrant."

The complaint stated that the complainants had good reason to believe, and did believe, " that intoxicating liquor is by S. J. Loop kept or deposited in his shop, store, or office on the corner of Evelyn and Freight streets, in the village of Rutland, in the town of Rutland, and the cellar connected therewith, and in the store, rooms, and cellar occupied by Landon & Huntoon, in the same building, in the town of Rutland aforesaid, and by S. J. Loop, then and there in the town of Rutland, intended for sale," &c. The warrant commanded the officer " to enter and search the premises above described, to wit," and then described the premises as they were described in the complaint. The plaintiff claimed that the complaint and warrant were illegal, and that the defendant could not justify thereunder; but the court held otherwise. There was no evidence that a warrant for the destruction of the liquor ever issued, except the record aforesaid.

Upon the foregoing facts, the court rendered judgment for the defendant to recover his costs, but held that he was not entitled to a judgment for a return of said liquors; to all which rulings of the court, the plaintiff excepted. The defendant excepted to the decision that he was not entitled to judgment for a return of said liquors.

*Prout, Simons & Walker*, for the plaintiff.

The liquor in question is property—known to the law as such —and can be attached or levied upon for debt, like all other property; and the determination of a suit of replevin in which liquor forms the subject of controversy, is governed by the same rules that control in all other cases where the unlawful detention of

property is claimed. *Harrison* v. *Nichols et al.* 31 Vt. 709; *Howe et al.* v. *Stewart,* 40 Vt. 145. The case shows that the plaintiff was the owner of the liquors in controversy, and that they were taken from his possession as alleged in the writ. The defendant gives notice of justification. If special matter is relied upon for defence and justification in an action of replevin, it must either be pleaded by special plea, or by plea and notice. This reaches to all matters of justification. The same rules govern in this action as in trespass. A notice of special matter must contain the substance of a good plea in bar, or it will be defective, and evidence cannot be given under it. *Herring* v. *Selding,* 2 Aik. 12; *Fullerton* v. *Mack,* 2 Aik. 415; *Nott & wife* v. *Stoddard,* 38 Vt. 25. The defendant seeks to justify by the record of an adjudication wherein the liquors were, as claimed, adjudged forfeited to the use of the town of Rutland, and by that alone. The entire issue, as the notice avers, is to be proved by the record. When such is the case, a verification by record is necessary. The verification is a matter of substance, and it is as essential that it should appear in a notice as in a plea. *Durand* v. *Griswold,* 26 Vt. 48, 51. The notice is otherwise defective and insufficient. The allegation that the complaint, " being duly sworn to," &c., is bad, and a record showing that a certain complaint was sworn to before a magistrate, is not admissible in evidence under such a plea and notice. And the allegation in the notice, that such proceedings were had that said intoxicating liquors were adjudged forfeited to the use of the town of Rutland, without alleging that the proceedings were had upon hearing, and that it was shown upon satisfactory proof that they were intended for sale contrary to law, is also bad.

The warrant is insufficient and illegal, in that it directs the search of the premises of different owners. It orders the search of the shop, store, or office of the plaintiff, and the cellar connected therewith, and also the store, rooms, and cellar of Landon & Huntoon. This is not authorized by the statute. The statute authorizes the search of a dwelling-house, store, &c., all in the singular, for the purpose of finding liquor kept and intended for sale contrary to law; this reaches to the premises of the owner

or keeper of the liquor only. The provisions of the law are not sufficiently broad to authorize the search of the places of business of different persons, upon the same warrant, unless in the same room or rooms, though in the same building. The term *building*, as used in the statute, cannot be construed so as to give the right to search all the sub-divisions of a building or a block of stores, though strictly one building and under one roof. It would seem that the language of the statute was conclusive upon this point. *Rawson* v. *The State*, 19 Conn. 299. The fact that the officer summoned Landon & Huntoon to appear before the justice, shows the confusion into which matters were thrown by the issue of an illegal warrant. Being directed to search the premises of a firm, the firm should have been summoned. *State* v. *Liquor*, Drew, claimant, 38 Vt. 387 ; Gen. Sts. ch. 94, § 22. To the introduction of the record as evidence, the plaintiff objected. Improper evidence under a notice may be objected to on trial. A notice under the general issue does not admit of any pleadings. It is only open to answer by proof. *Nott & wife* v. *Stoddard, supra ; Edwards* v. *Harrington*, 45 Vt. 63.

But if the court should hold that under the general issue, matters in justification may be admitted in evidence in an action of replevin, then the same objection obtains as to the warrant, and its illegality just as effectually prevents a recovery by the defendant. Passing all these objections, the case stands upon the evidence in the case, which is the record of the proceedings before the magistrate. Standing upon this, and giving it its full effect, and treating the warrant as legal, then the evidence is insufficient for a recovery by the defendant, and a return of the liquor to him. The statute requires that there shall be a hearing upon the complaint and warrant for seizure, after return of the process, and that the court shall, if he finds the liquors illegally intended for sale, issue an order of delivery for the turning over of the liquors to the agent for the town, who is by statute required to make examination and certify if found unfit for the purposes of the agency, and then the justice is required to issue an order of destruction. Both the order of delivery and destruction must be directed to some one for execution. By the statute, the liquors, though taken

by a writ of replevin, are in the custody of the law, and the statute specially provides that no proceedings except final execution shall be stayed or delayed by any replevin thereof, but the seizure proceedings shall proceed to final judgment in the same manner as though no replevin had been commenced. Gen. Sts. ch. 94, §§ 40, 41.

The judgment is not final, or the adjudication complete, until the court before which the case of a seizure is tried has, upon hearing or default, passed upon the question of the right of the seizure, and if adverse to the respondent, issued the order for delivery and destruction ; and the record, in order to be complete, must show that such order was issued, and to whom directed, or that by the acceptance of the liquor by the agent for the town, no order for destruction is required. The record in this case fails to show either a warrant of delivery or destruction, and none was presented in evidence, as the case finds. The fact that the record recites that a warrant of delivery was duly issued, is not sufficient ; the warrant should appear as a part of the record, showing when issued, and to whom directed. The defendant was appointed to perform a special service, for which he was deputed. His duty was done when he had served the warrant. To give him any further authority, the proof in the case must show that he was deputed to execute the final orders of execution. This does not appear. Hence the defendant cannot be entitled to a return, and judgment must be for the plaintiff. *Collamer* v. *Page et al.* 35 Vt. 387 ; *Way* v. *Barnard,* 36 Vt. 366 ; *Sprague & Carr* v. *Clark,* 41 Vt. 6.

*J. C. Baker,* for the defendant.

When an attorney of the court appears of record for a party in a pending suit, the court will not suffer the record to be controverted. *Coit et als.* v. *Sheldon,* 1 Tyler, 300 ; *Proprietors &c.* v. *Bishop,* 2 Vt. 231. When the question is raised as to the authority of an attorney to appear, and the county court allows him to represent his 'client, it is a matter wholly within the discretion of the county court, and will not be revised on exceptions.

This action being replevin under § 13, ch. 35, of the Gen. Sts.,

the plaintiff must show that his goods were unlawfully taken or unlawfully detained; and any defence that shows the taking or detention to have been lawful, is admissible under the general issue. *Eddy* v. *Davis*, 35 Vt. 247; *Way* v. *Barnard*, 36 Vt. 366; *Tripp* v. *Leland*, 42 Vt. 487. The statute makes the plea of " not guilty," the general issue in replevin. Another section dispenses with a special plea in bar in actions where notice is given with the general issue, of the special matter to be given in defence or justification. Gen. Sts. ch. 30, § 32. If a special plea or notice was required, to let in this defence, the notice filed was sufficient. It gave the plaintiff substantial notice of the full ground of defence. The record of the justice, which constitutes this defence, shows that every requirement of chapter 94 of the Gen. Sts., had been complied with. The description of the place to be searched is definite. It is confined to one building, particularly described, and leaves no discretion in the officer as to the place to be searched, and is sufficiently clear and explicit. *State* v. *Intoxicating Liquors*, 44 Vt. 208. The return of the officer is formal, and follows the requirements of the statute, and was notice to the plaintiff of what had been done, and gave him an opportunity to be fully heard, and he appeared and procured a continuance. The record also shows that on the hearing, every fact requisite to sustain the judgment, was made out by satisfactory evidence, and that a warrant issued to carry the judgment into effect. And also shows, by necessary implication, that this warrant was put into the hands of the defendant. These matters are proper to be shown by the record, as they are all matters of record in the proceedings before the justice. *Plainfield* v. *Batchelder*, 44 Vt. 9. The judgment should have been for the defendant, and that the liquors in question be delivered to the defendant, or to such officer as should have warrant or authority to hold or destroy the same under the original seizure proceedings. Gen. Sts. ch. 94, § 40; *Plainfield* v. *Batchelder, supra*.

The opinion of the court was delivered by

Ross, J. In *Plainfield* v. *Batchelder*, 44 Vt. 9, it was held, as we think correctly, that the plea of *not guilty*, in this species of

replevin, puts in issue every material fact, as well the *property* in the liquors as the *taking and detention.* This kind of replevin is the creature of the statute. It did not exist at common law. The general issue in replevin suits at common law, was *non cepit* or *non detinet,* and only put in issue the taking or detention. The statute granting the right to replevy goods which have been attached or taken on execution, provides that " the general issue shall be joined on the plea of not guilty." It not only makes *not guilty* a proper plea in the action, but provides that the general issue shall be joined on that plea. This language seems to indicate an intention on the part of the legislature to do away with the intricate and often prolix pleadings which were necessary in replevin at common law, and to give the defendant the right under this plea to show anything relating to the ownership of the property, its taking, or detention, which will defeat the plaintiff's right to recover on matters alleged in the declaration. In this view of the defendant's rights under the plea of not guilty, his notice becomes unnecessary. He could show under this plea, to defeat the plaintiff's right of recovery, that he seized and held the liquors replevied, on a lawful warrant. Hence, the county court committed no error in admitting the record evidence of the proceedings under which the defendant took and held the liquors.

II.   We have discovered no lack of substance in the notice, if the notice were necessary. The statute allowing a defendant to state his defence by notice instead of by special plea, was passed to avoid the intricacies and formalities of a special plea. It simply requires that the defendant shall fairly notify the plaintiff of the *substance* of all the evidence upon which he will rely to establish his defence, without regard to the form or logical order of its statement. The notice in this case states the substance of the defence, and fairly notifies the plaintiff of all the evidence relied on to establish it. The *manner* in which the complaint was sworn to, is *form* and not *substance.* The substantial thing to be shown in this particular, was, that the complainants made oath to the truth of the complaint. This the plaintiff is notified of by the statement, that the complaint was duly sworn to. So, too, the verifi-

cation attached to a special plea, is only an averment that the pleader is ready to establish the truth of his plea. It is only saying in a technical form what the defendant has said in his notice, when he states that he " shall give in evidence and rely upon in defence and justification, the following special matter," which he proceeds to detail.

III. It is objected that the warrant shown in defence, whether under the plea of not guilty or under the notice, is illegal and void, because it directed the defendant to search for and seize liquors kept by the plaintiff for sale contrary to law, either in that part of the building occupied by him, or in the store, rooms, and cellar occupied by Landon & Huntoon. It did not direct the defendant to search for liquors kept by Landon & Huntoon. All the rooms specified were in the same building. One of the terms used in § 22, ch. 94, of the Gen. Sts., as descriptive of the place which may be searched, is, " Other building or place in said town." The warrant in this respect is within the exact language of the statute. Neither is it open to the objection, if objection it be, that under it, two seizures against different owners could have been made. The officer was only commanded to search for such liquors in the various apartments of the building as were kept by the plaintiff. We do not think it commanded him to seize liquors in the apartments occupied by Landon & Huntoon, unless they were in the keeping of the plaintiff. The plaintiff has no right to complain that he was not the occupant of all the apartments searched. Their search could not harm him if he had nothing stored there, nor did it disturb his occupancy of them, unless he was an occupant. When Landon & Huntoon complain of the search of their apartments for liquors kept in them contrary to law by other persons, and come in collision with the officer making such search, it will be time to consider and decide their rights, and determine whether any of them has been infringed. It is enough in this case, that the officer was directed to search just such a place as the statute in terms provides for, and that the plaintiff did not stand in such a relation to any of the apartments searched, that he has a right to complain. This disposes of all the plain-

tiff's exceptions which are relied on, except such as may be considered with the defendant's exceptions.

IV. The statute provides that if the judgment in such cases shall be against the plaintiff, the liquors replevied " shall be delivered to the defendant in the replevin, or to such officer as shall have warrant or authority to hold or destroy the same under the original seizure proceedings." Gen. Sts. ch. 94, § 40. The county court refused to render any judgment in this case for the return of the liquors replevied, to which the defendant excepted. In this we think there was error. The defendant, it is true, was a deputized officer, and the record of the proceedings does not show that he held a warrant authorizing him to destroy the liquor, or that any person held such warrant. Unless it was shown that some other officer had the right to the custody of the liquors, inasmuch as it is shown that the defendant was entitled to the custody of them at the time of the replevin, the presumption is that he is entitled to their return. The record shows that the liquors have been adjudged forfeited ; but that would not take them from the custody of the defendant till a warrant was issued to some other officer. The defendant would have a right to retain the custody till such warrant is issued. If a warrant had been issued to some other officer, no harm could be done if the court had rendered judgment for the return of the liquors in the alternative, " to the defendant or such officer as shall have warrant," in the language of the statute. By § 41, ch. 94, Gen. Sts., the final execution in the seizure proceedings, was stayed till the termination of this suit. The final execution must include the warrant which turns the liquors over to the legally appointed agent of the town for examination, as well as the warrant which orders their destruction if not accepted by that agent. If that agent accepts the liquors as the property of the town, that fully executes the judgment of forfeiture. While the liquors are held by the officer serving the replevin writ, the magistrate before whom the seizure proceedings were pending, had no control over the liquors, and could not turn them over to the town for examination. The town agent can examine only such liquors as are fully forfeited to the town ; and

53

this could not be fully determined till the termination of the re-
plevin suit.   Until the issuing of a warrant to execute the judg-
ment of forfeiture to some other officer, the defendant would have
the legal custody of the liquors had not the replevin suit inter-
vened.   If the magistrate should, immediately upon the termina-
tion of the replevin suit, issue his final warrant to some other
officer, such other officer would be entitled to their custody, as
against the defendant.   Hence, the statute provides that the judg-
ment in the replevin suit, if against the plaintiff, shall be for the
return of the liquors to the defendant, or such officer as shall hold
the final warrant.   When this suit is terminated against the plain-
tiff, the officer serving the replevin writ can no longer legally hold
them.   The county court could not warrantably assume that the
seizure proceedings had failed by reason of the death of the
magistrate before whom they were pending, or of his failure to be
re-elected.   Until the contrary is shown, it is to be presumed that
there is power resting in some tribunal to execute the judgment
of forfeiture, and that the defendant has the right to have the
replevied liquors returned to him, to hold to answer the demand
of the officer holding the final warrant.   When such warrant shall
have been issued, some one has the right to a judgment for the
custody of the liquors.   The case shows that that right is not in
the plaintiff.   It must, therefore, be in the defendant, until it is
shown that a final warrant has been issued ; but in him only to
answer the demand of the officer who may hold the final warrant
or warrants for the execution of the judgment of forfeiture.
Hence, no harm can result if the judgment is rendered in the al-
ternative, in the language of the statute.   We think the defend-
ant was entitled to such a judgment in the county court.   The
judgment of the county court is, therefore, reversed, and judgment
is rendered for the defendant to recover nominal damages and his
costs, and that the liquors replevied be returned to the defendant,
or to such officer as shall have warrant or authority to hold or
destroy the same under the original seizure proceedings.