Filed March 15, 1890.

---

No. 14,053.

WILSTACH v. HEYD ET AL.

STATUTE OF FRAUDS.—*Real Estate.*—*Sale.*—*Memorandum.*—*Insufficient De-scription.*—A memorandum of a sale of real estate alleged to have been made by the defendant to the plaintiff was as follows: "$200. New Albany, April 23d, 1887. Received of J. B. Wilstach two hundred dollars as part purchase-money of a lot at $2,560. Balance twenty-three hundred and sixty dollars. Geo. Heyd, Admr. Est. Jacob Heyd." And endorsed on the reverse side were the words "The lot No. 14 Ekin ave." *Held,* in an action for damages for the alleged breach of contract for the sale of the lot, that the memorandum of sale, which is wholly defective independent of the endorsement of the number of the lot, is insufficient to take the case out of the statute of frauds.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*J. H. Stotsenburg* and *E. B. Stotsenburg,* for appellees.

OLDS, J.—This is an action for damages for the alleged breach of a contract for the sale of a lot.

The only error assigned is sustaining a demurrer to the plaintiff's amended complaint.

The appellant brings the action as plaintiff against George Heyd, Jacob Heyd, Emma Sharp, John Sharp, Sarah J.

Venable, Laura C. Chamberlain and Charles H. Chamberlain as defendants.

The amended complaint is as follows:

"The plaintiff, by way of amended complaint, complains of the defendants, and says that, on the 23d day of April, 1887, in consideration of the sum of $2,560, to be paid by the plaintiff to the defendants, defendants sold and agreed to convey upon demand to the plaintiff certain real estate owned by the defendants, and situate in the city of New Albany, Floyd county, Indiana, which is described as follows: 'Lot number 14, on Ekin avenue, in the city of New Albany;' that said contract of sale and conveyance was made and entered into by the plaintiff and the defendant George Heyd who was at the time the agent of the defendants other than himself, and was then and there duly authorized by the defendants to sell said real estate, and to make and execute all necessary agreements and memoranda to evidence the same; that at the time of the sale of said real estate to plaintiff, said George Heyd, for himself, and as the duly authorized agent of the other defendants, in their behalf, made, executed and delivered to the plaintiff a memorandum thereof in writing, signed by him for himself and as such agent, in the words and figures following:

"' $200.                    NEW ALBANY, April 23d, 1887.

"'Received of J. B. Wilstach two hundred dollars as part purchase-money of a lot at $2,560. Balance twenty-three hundred and sixty dollars.                    GEO. HEYD,

"'Admr. Est. JACOB HEYD.

"'The lot No. 14 Ekin Ave.'

"And the plaintiff avers that although the words 'The lot No. 14 Ekin ave.' are endorsed on the reverse side of the paper from that upon which the other parts of said written memorandum appears, said words were there written as part of said memorandum of sale by the George Heyd at the same time and for the purpose of more particularly describing and identifying said real estate. The plaintiff avers that

by the name and designation, ' Geo. Heyd, Admr. Est. Jacob Heyd,' subscribed to said writing, the said George Heyd, defendant, intended not only to bind himself as an individual, but also to describe himself as agent of the other defendants hereto, and to execute said writing as such agent." Plaintiff further avers that at the time of such sale he paid to George Heyd aforesaid, as part of the purchase-money of said real estate, the sum of $200, which defendants yet retain. Plaintiff further avers that after said sale, to wit, on the 19th day of July, 1887, he tendered to the defendants the remainder of said purchase-money, $2,360, and demanded that they execute and deliver to him a deed of conveyance of said real estate, and on said day, and divers other days before the commencement of this action, the plaintiff was ready and willing to pay the amount of the unpaid balance of said purchase-money, and offered and tendered the said sum, but the defendants, for the sole reason that the value of said real estate had increased, and that they believed they could sell the same at a higher price to another, fraudulently failed and refused to convey said real estate to this plaintiff, and notified him that they would not convey the same to him even if the agreed price were tendered or paid by him, and the defendants still fail and refuse to make such conveyance. Plaintiff avers that at the time the defendants ought to have conveyed said real estate to plaintiff, the same was worth the sum of $3,450, and that by the wrongful and fraudulent conduct of defendants in so refusing to convey, he lost the sum of $800, the advanced price of said lot, and the sum of $200, the amount so paid to defendants as part of the purchase-money, in all the sum of $1,000. Wherefore plaintiff demands judgment against defendants for $1,500 damages."

The defendants, except Venable, appeared by attorney and filed a demurrer to the complaint, for cause that the same did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff excepted, and

refused to amend, and judgment was rendered upon demurrer for the defendants, and the plaintiff appeals.

Sarah J. Venable was not served with process, in the court below, and did not appear, and no action was taken in the lower court in regard to her, neither is she made a party nor served with notice of the appeal. In the assignment of error the name of Sarah J. Venable does not appear. She is not designated as a party in the assignment.

Appellee moves to dismiss the cause on the ground that the assignment of error does not set forth the names of all the parties to the suit.

This motion can not be sustained. Sarah J. Venable was not a party to the judgment below. She was not served with process, neither did she appear. There was no adjudication as to her.

It is contended by counsel for appellant, that as the demurrer is a joint demurrer by all the defendants, if the complaint is good as against any one of the defendants, the court erred in sustaining it. This proposition is not controverted, and is sustained by the decisions of this court. It is further contended by counsel for appellant, that the complaint is good, and states a cause of action against the defendant George Heyd for the two hundred dollars received. This must be determined on the theory of the complaint and the construction to be given to it. It is well settled by the decisions of this court that a pleading must proceed upon some definite theory, and if not good upon such theory, it will be held bad. This is a very salutary and just rule, and should be especially adhered to by the appellate court. After a pleading has been passed upon by the *nisi prius* court, and held bad on the theory which is clearly apparent on the face of the pleading, it would be manifestly unjust to allow the pleader to change base and reverse the ruling of the trial court because the pleading perchance incidentally states facts which would constitute a cause of action against some one

of the defendants named in the complaint. In this case, even if the complaint stated sufficient facts to constitute a cause of action against the defendant George Heyd, to hold the complaint good as to him, and reverse the case, would be to construe the pleading against the manifest theory apparent upon the face of it, and place the ruling on a different ground from the circuit court. The complaint names a number of persons as defendants. It declares upon a contract, and alleges damages sustained by reason of a breach of the contract, and asks a recovery against all of the defendants named. There can be no mistaking the theory of the complaint. It is so manifest that it is framed on the theory that the contract is a valid one, and that the facts alleged make it binding upon all of the defendants who have an interest in the real estate, and that they are liable for a breach of the contract, that it would be doing violence to all sense of reason and fairness to place any other construction upon it. It is equally apparent that it was so treated in the trial court; the defendants appeared by counsel and filed a joint demurrer, which was a proper demurrer to file to a complaint of that character, and an improper one to file to a complaint to recover the money paid on a void contract, showing the money to have been paid to and receipted by one of the defendants, and the court took the same theory of the pleading and sustained the demurrer. In this state of the case the only question to determine is the validity of the contract, or whether the written memorandum, set out in the complaint, is sufficient to take the case out of the statute of frauds.

It appears from the complaint that the only pretended description of the real estate, which it is alleged was sold by defendants to the plaintiff, is endorsed on the back of the memorandum. There is no description at all in the body of the instrument. It is contended by counsel for appellant that this can make no difference, that it must be treated as a part of the written instrument, and that it would be good even

if the description was written on another and different paper. It is probably true that the description is the same as if it appeared on another paper, and if such description was sufficient and properly referred to and identified in the body of the written instrument, or memorandum, signed by the party, it would probably be sufficient; but this question has been settled by a decision of this court.

In the case of *Ridgway* v. *Ingram*, 50 Ind. 145, the sheriff endorsed upon an order of sale: " Sold to Asa J. Ridgway for twenty-four hundred dollars, October 16th, 1869.   J. D. Phelps, sheriff L. C. By Wm. H. H. Whitehead, deputy," and the question was presented as to whether it was sufficient to take the sale out of the statute of frauds, and the Court say : " The question is presented by the record in several ways, whether the above memorandum is a sufficient contract, memorandum, or note thereof, within the statute of frauds. It appears to us that the memorandum is clearly insufficient. A memorandum, in order to be sufficient within the statute, must state the contract with such reasonable certainty that its terms may be understood from the writing itself without recourse to parol proof. It is impossible to ascertain from the memorandum what it was that was 'sold to Asa J. Ridgway for twenty-four hundred dollars.' It may be supposed, from the fact that the memorandum was endorsed on the order of sale, that the sheriff meant that the land therein ordered to be sold was sold to Ridgway for the sum named. But this would rest upon mere inference, and not upon anything appearing on the face of the memorandum. It may be conceded, that if the memorandum had in any way referred to the order of sale for the purpose of identifying the thing sold, so as to make it a part of the memorandum, or so that the two papers, the order of sale and the memorandum, could be taken together as constituting the contract, it would have been sufficient. The memorandum endorsed upon the order of sale, but without any reference to it for the ascertainment of the thing sold, is no better than if it had been made on any other piece of pa-

per." This case is cited and approved in the case of *Lee* v. *Hills*, 66 Ind. 474. This is decisive of the case, as the memorandum, independent of the indorsement of the number of the lot is wholly defective. *Baldwin* v. *Kerlin*, 46 Ind. 426, and authorities there cited. And even if such indorsement could be construed to be a part of the memorandum, it is then uncertain, and could not be enforced without the aid of parol proof to identify the lot.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

Filed March 18, 1890.