[No. 8851.  Department Two.  September 27, 1910.]

J. E. BURBANK *et al.*, *Respondents*, v. PIONEER MUTUAL INSURANCE ASSOCIATION, *Appellant.*[1]

APPEAL—REVIEW—ERROR FAVORABLE TO APPELLANT.  The appellant cannot complain of error in an instruction which was prejudicial only to the respondent.

INSURANCE—PROOFS OF LOSS—WAIVER.  Proofs of loss by fire are waived by denying all liability for the loss.

SAME—AUTHORITY OF ADJUSTER—WAIVER OF PROOFS.  An insurance adjuster authorized to adjust a fire loss has authority to waive proofs of loss required by the policy.

SAME — POLICY — CONDITIONS ON BACK.  Conditions and stipulations printed on the back of a fire insurance policy and not mentioned or referred to on the face of the policy are not part of the policy or binding on the assured.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered November 20, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a policy of fire insurance.  Affirmed.

*H. A. P. Meyers*, for appellant.

*J. T. Mulligan* and *Martin & Wilson*, for respondents.

[1]Reported in 110 Pac. 1005.

CROW, J.—J. E. Burbank and T. F. Graham, copartners as J. E. Burbank & Co., commenced this action upon a policy issued by Pioneer Mutual Insurance Association, a corporation, to recover loss sustained by fire. From a judgment in their favor, the defendant has appealed.

The appellant's controlling contention is that the trial court erred in denying its motion for judgment notwithstanding the verdict of the jury. On August 12, 1904, the appellant issued to the respondents an insurance policy which did not, upon its face, contain any stipulation requiring the assured to make any proofs of loss, nor did it make any reference to conditions which appear in fine print upon the back of the policy. The property insured was hay and grain located in a warehouse at Cheney, Spokane county, Washington.

There was evidence that, on April 7, 1905, the property was totally destroyed by fire; that appellant had a local agent, one Webb, then residing in Cheney, who, the day after the fire, called at appellant's branch office in Spokane and gave notice of the loss; that appellant directed one McKowen to adjust the loss, as its representative; that he visited Cheney about three weeks later, had a brief interview with the respondent Graham, who offered to give any information desired, and who permitted an inspection of all books belonging to the assured which had not been destroyed in the fire; that McKowen left Cheney without making any final adjustment or reporting to respondents; that he never returned; that respondents called on appellant's representative in charge of its branch office at Spokane, who referred them to McKowen as having complete charge of the adjustment of the loss; that they immediately called upon McKowen who, in substance, notified them that the company was not liable as they had sustained no loss; and that appellant's agent in charge of its Spokane office denied liability to respondents, who, without making further proofs, commenced this action.

This evidence, although disputed, must, upon a motion for judgment, be accepted as true.

Appellant pleaded, as a part of the contract of insurance, certain printed matter upon the back thereof, which, in substance, required the respondents to make proofs of loss to appellant within sixty days after the fire, and furnish other information if demanded; and further stipulated that the making of such proofs of loss and the giving of such information should be a condition precedent to the right of the assured to maintain an action upon the policy. Appellant further alleged that no proofs of loss had been made by respondents; that by reason thereof their claim had never been adjusted; that no sufficient or satisfactory proof of the amount of their loss had ever been furnished by them or received by appellant; that the appellant had never refused to pay the loss, and that by reason of the plaintiffs' failure to furnish the required information and proofs, there is nothing due upon the cause of action pleaded herein. Upon the trial, the face of the policy above mentioned was offered in evidence by respondents. Thereafter the appellant offered in evidence certain conditions appearing in fine print upon the back of the policy, but to which it made no reference, and appellant now contends that the trial judge erred in rejecting such offer.

Appellant's contention is that it was the duty of respondents to make proofs of loss within sixty days after the fire as a condition precedent to a recovery herein; that they utterly failed to do so; and that, by reason of such failure, the motion for judgment should have been sustained. The respondents, while denying that the policy required them to make any proofs of loss whatever, contend that in any event the making of the same was waived by appellant. Although the trial judge excluded the printed matter which appeared on the back of the policy, he instructed the jury that it was necessary for the respondents to make proofs of loss, and furnish such information as the appellant might require, and

to do so within sixty days after the fire as a condition precedent to a recovery herein, unless the making and furnishing of such proofs and information had been waived by appellant. Under our construction of the policy, this instruction was erroneous and prejudicial as against the respondents. The error, however, was one of which the appellant cannot complain. The jury, by their verdict, necessarily found a waiver by appellant, and the evidence sustains their finding. The respondents could only be required to make proof of loss by the express terms of the contract of insurance. In any event, the evidence is sufficient to show that McKowen, the adjuster, by denying appellant's liability, waived the making of proofs of loss. Appellant's contention that McKowen had no such authority cannot be sustained. One who is intrusted by the insurer with apparent power to adjust the loss has authority to waive notice and proofs of loss. 19 Cyc. 859, and cases cited. This court, in *Staats v. Pioneer Ins. Ass'n*, 55 Wash. 51, 104 Pac. 185, cited with approval *Ruthven v. American Fire Ins. Co.*, 102 Iowa 550, 71 N. W. 574, in which it was held that the direction to a party to adjust a loss included power to waive formal proof. The appellant admits that it authorized McKowen to adjust the loss. This being true, he had power to waive final proofs, as the jury undoubtedly found he did.

The policy was executed upon a printed form prepared by appellant, the terms of which must be liberally construed in favor of the assured. Conditions and stipulations indorsed upon the back of a policy, when sufficiently mentioned in the body of the instrument, will become a part of the contract of insurance itself, with the same force and effect as though they had been recited therein; but if no sufficient reference is made on the face of the policy to such indorsed conditions and stipulations, they cannot be regarded as a part of the contract, but must be ignored when the policy is being construed to ascertain obligations devolving upon the assured.

"An indorsement on the back of a policy may be regarded as part of the contract, provided it is referred to in the policy as constituting part of it. If, however, there be no reference whatever to it in the policy, nothing to show that the parties meant it to be a part of the contract, it will be regarded merely as the act of the insurer, and not, therefore, binding on the insured. *Stone v. United States Casualty Co.*, 34 N. J. Law, 371; *Kingley v. New Eng. Mut. Fire Ins. Co.*, 8 Cushing 393; *Ferrer v. Home Mut. Ins. Co.*, 47 Vt. 416; *Farmers' Ins. & L. Co. v. Snyder*, 16 Wend. 481; *Bize v. Fletcher*, Doug. 291, note." *Planters' Mut. Ins. Co. v. Rowland*, 66 Md. 236, 240, 7 Atl. 257.

In *Davis v. Northwestern Mut. Fire Ass'n*, 48 Wash. 50, 92 Pac. 881, this court held that the making of proofs of loss by an assured within the time required by the policy was a condition precedent to maintaining an action; but the policy in that case, upon its face, expressly stipulated that proofs of loss must be made to the company "within sixty days after the fire, unless such time is extended in writing by this company," and also that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing agreement, or unless commenced within twelve months next after the fire." In *Hunter Tract Imp. Co. v. Stone*, 58 Wash. 661, 109 Pac. 112, it was contended that the words, "This assignment is hereby accepted and approved," appearing upon the back of a contract of sale, but not referred to in the body thereof, should be regarded as a part of the agreement, and that written approval by the vendor became necessary to the validity of an assignment. Passing upon such contention, this court said: "The contract was completed, signed, and acknowledged by the parties, and this provision was not incorporated in that agreement, and the parties to the contract can in no way be bound by it." The same rule is applicable to the policy before us, which must be strictly con-

strued as against the insurer, and liberally construed in favor of the assured.

No requirement for proofs of loss to be made to the company by the assured appears on the face of this policy. Nor is there any reference to the printed matter, or to the by-laws of the company, which purport to make any such condition a part of the policy, or which require proofs of loss as a condition precedent to respondents' right to maintain this action. The respondents did not fail in the performance of any condition precedent required of them. They produced evidence sufficient to show the fire, the total destruction and value of the property insured, and to authorize a recovery in the amount awarded.

Other assignments of error relating to interest on the sum found to be due respondents, and to the retaxation of costs allowed for witness fees, are without merit. The appellant has been awarded a fair trial. The only judgment that could have been rendered upon the evidence, and the policy as construed by us, has been entered. We find no prejudicial error in the record. The judgment is affirmed.

RUDKIN, C. J., PARKER, MOUNT, and DUNBAR, JJ., concur.