EDWARD F. ZENO v. A. C. MASON.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed April 8, 1916.

*Replevin—General Issue—Instructions—Conditional Sale Lien —Burden of Proof—Waiver of Lien.*

Replevin for the unlawful taking and detention of goods is a creature of the statute, and thereunder the plea of not guilty puts in issue every material fact, the ownership of the property as well as the taking and detention.

The purpose of the statutory action of replevin is limited to abolishing the intricate pleadings required in replevin at common law, and giving defendant the right to show under the general issue anything relating to the ownership of the property, or its taking or detention, that will defeat plaintiff's right to recover on his allegations, and it was not intended to affect the application of the rules relating to the burden of proof.

In replevin against an officer for taking property, where the defence was taking under a conditional sale lien, which plaintiff claimed had been waived, an instruction that the burden is on defendant to establish every material fact necessary to entitle him to a verdict is error, for the burden of showing a waiver of the lien rests on the party making that claim.

REPLEVIN. Plea, the general issue with notice. Trial by jury at the April Term, 1915, Windham County, *Butler*, J.,

presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Gibson & Daley* and *George A. Weston* for the defendant.

*Ryder & Graham* and *Thomas E. O'Brien* for the plaintiff.

MUNSON, C. J. This is replevin for a horse which the defendant, as deputy sheriff, took from the plaintiff's possession by virtue of a conditional sale note held by one Nelson and duly recorded. It appeared that the plaintiff and his vendor were purchasers for a substantial consideration, without actual notice of Nelson's claim. The case was submitted to the jury on the theory that the plaintiff had established his right to the possession of the property, and was entitled to a verdict unless the defendant had justified the taking by showing that he was acting in the enforcement of a valid existing lien which covered the horse in question, and had therein fully complied with the law. The.plaintiff claimed, and introduced evidence tending to show, that the holder of the lien had waived it by authorizing the debtor to sell the property. The defendant claimed, and his evidence tended to show, that no such authorization was given. The court instructed the jury that the burden was on the defendant to establish the right to take the horse out of the plaintiff's possession; that in determining the main questions to be submitted to them they must bear in mind that the burden was on the defendant to establish every.material fact necessary to entitle him to a verdict. The defendant excepted to this instruction on the ground that the burden of showing a waiver of the lien rested on the party making the claim. It was not claimed in the court below, and is not suggested here, that the charge as to the burden of proof was erroneous in any other respect.

It is said in *Colston* v. *Bean,* 78 Vt. 283, 62 Atl. 1015, that "the obligation of proving a fact rests upon the party who substantially asserts the affirmative of the issue." Each party cites this case and language in support of his claim. Perhaps this is not surprising, in view of the recognized difficulty in applying the rule. Mr. Wigmore considers that when we get beyond general expressions of this character we have no single principle or rule which affords a sure and universal test for the solution of a given case, but merely specific rules for specific

·cases, and that these specific rules rest largely on considerations
·of policy and fairness as determined by experience.   4 Wig. Ev.
§2486.   A discussion bearing upon the subject, and helpful in
the determination of the case, will be found in *Sheldon* v.
*Wright,* 80 Vt. 298, 319, 67 Atl. 807.

Replevin for the unlawful taking and detention of the plain-
tiff's goods is a creature of the statute, and the general issue
as it existed at common law is not available.   P. S. 1825; *Loop*
v. *Williams,* 47 Vt. 407.   The statute provides in terms that
the general issue shall be joined on the plea of not guilty.   P.
S. 1826.   Under this statute, the plea of not guilty puts in
issue every material fact,—the ownership of the property as
well as the taking and detention.   *Plainfield* v. *Batchelder,* 44
Vt. 9.   These provisions of the statute have been said to indi-
cate a legislative intention to do away with the intricate and
often prolix pleadings which were necessary in replevin at com-
mon law, and to give the defendant the right to show under
this plea anything relating to the ownership of the property and
its taking or detention that will defeat the plaintiff's right to
recover on the matters alleged · in the declaration.   *Loop* v.
*Williams.*   We think the purpose of the Legislature was limited
to the accomplishment of this relief, and that the change was
not intended to affect the application of the rules relating to
the burden of proof.   This view was taken of the act provid-
ing for a simpler mode of declaring on an insurance policy.
*Hersey* v. *Northern Assurance Co.,* 75 Vt. 441, 56 Atl. 95.

To state the question conveniently, we assume that the evi-
dence came in in the usual order.   The plaintiff claimed owner-
ship of the property and a right to immediate possession, and
produced evidence which made out his case.   The defendant
thereupon produced a conditional sale note given by a former
owner of the property, which was on its face a valid and ex-
isting lien on certain property described, and testified that he
took the horse by virtue of the lien.   If the description covered
the property taken, this established a defence to the case made
by the plaintiff.   The plaintiff then introduced evidence tending
to show that the holder of the lien had orally waived it by giv-
ing the debtor permission to sell.   This fact, if established,
would destroy the defence, and reestablish the plaintiff's original
case.   The defendant introduced evidence in denial of the
waiver, and the case turned upon this issue.

Under the restricted pleadings allowed in statutory replevin the defendant would have no notice of the claim of waiver, and he could not well be required to deny the claim in advance of its being made. If this were the requirement, it would be necessary for a defendant in replevin to negative in some form, in putting in his defence, every possible answer that could be made to it. But the defendant stands in no such position. The evidence of a waiver comes in as the plaintiff's reply to the defendant's claim of justification; and the defendant's denial of the claim of waiver cannot properly be treated as an element of his showing in justification. He has the burden of showing a valid existing lien in the first instance, but not as against the plaintiff's claim in avoidance. As to that the burden is on the plaintiff. This holding accords with the rules of pleading and the established order of evidence, and meets the requirements of convenience and fairness. The charge was erroneous in that it placed on the defendant the burden of proof as regards the waiver.

*Judgment reversed and cause remanded.*