## NATIONAL BEN FRANKLIN FIRE INS. CO. v. BROWN. (No. 6602.)

(Court of Civil Appeals of Texas. Austin. May 16, 1923.)

**Insurance ☞150—Stipulations printed on back of policy, and not referred to therein nor signed, are not binding.**

Where a fire insurance policy covered only one page, stipulations printed upon the back thereof, but not referred to in the policy and not signed by any one, are not binding upon the parties.

Appeal from Coleman County Court; L. G. Mathews, Judge.

Action by A. R. Brown against the National Ben Franklin Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John Sehorn and Edwin Sehorn, both of San Antonio, for appellant.

Critz & Woodward, of Coleman, for appellee.

KEY, C. J. This is a suit upon a fire insurance policy, and from a judgment in favor of the plaintiff the defendant has appealed. The main and controlling question in the case is this: Does a stipulation indorsed upon the back or reverse side of a policy constitute any portion of the policy, when it is not referred to therein?

In this case the policy covers only one page, and contains no reference to stipulations indorsed on the reverse side but not signed by any one. One of these stipulations referred to prescribed within what time a suit might be brought upon the policy and according to that stipulation it is contended on behalf of appellant that this suit was not brought within the time prescribed. The record not only shows that the policy which constituted the contract of insurance was written and signed on one page and that the stipulation referred to, among others, was upon the opposite side of the page, and was not signed by any one, but also, in the body of the policy, no reference was made to any of the stipulations on the reverse side of the paper.

There was also a stipulation requiring the insurer to give notice forthwith after the fire; and that stipulation, which is claimed plaintiff did not comply with, is in the same attitude as the one just referred to.

There are also some other stipulations relied on by appellant and written on the reverse side of the paper upon which the contract was written. The stipulations referred to were all printed, and the proof indicates that M. G. Anderson, to whom the policy was issued and who thereafter transferred it to the plaintiff, had no knowledge of them at the time the contract was made.

We have not been cited to, nor have we found, any case in this state directly in point, but we think the correct rule of law is stated in 26 Corpus Juris, p. 76, as follows:

"Conditions and stipulations indorsed on the policy or written in the margin are to be construed as portions of the policy, if sufficiently referred to in the body of the instrument, and will control the printed provisions in case of irreconcilable conflict. But the rule does not apply where the indorsement is in no way referred to or incorporated into the policy."

No error has been shown, and the judgment is affirmed.

Affirmed.