## METROPOLITAN LIFE INS. CO. v. WANN.
### No. 12285.

Court of Civil Appeals of Texas. Fort Worth. March 15, 1930.

Rehearings Denied April 19, 1930.

 

Fred R. Switzer, of Houston (Vinson, Elkins, Sweeton & Weems, of Houston, of counsel), for appellant.

McLean, Scott & Sayers, of Fort Worth, for appellee.

BUCK, J.

Wm. Charles Wann filed suit in the district court of Tarrant county against the Metropolitan Life Insurance Company, hereinafter styled insurance company, alleging that the insurance company issued to plaintiff two certificates, being No. 79350 and No. 79350A, group policy No. 2000-G and group policy No. 2000. The contract sued on is as follows:

"(1) Issued May 5, 1925, in the sum of $250 on the life or for the total and permanent disability of the insured; (2) an increase of $2250, attached to the face as a rider."

Plaintiff alleged that while the policies were in force and on, to wit, September 28, 1926, he sustained an injury to his left hand while working for the Southern Pacific Railway Company as a brakeman; that while attempting to stop and place a car in motion and using a brakeman's stick therefor, placed in the brake wheel, his left hand was injured so as to become totally and permanently disabled, and so as to render him totally and permanently disabled. That by the terms "totally and permanently disabled," used in said policies of insurance, is meant such disability as totally and permanently prohibits and prevents plaintiff from ever performing any character of work for which plaintiff is fitted and suited; that by reason of a defective brake staff spinning around and striking plaintiff on the wrist and hand of his left arm, the same was thereby broken and the bones and nerves crushed and destroyed. Plaintiff prayed for damages in the aggregate of the two policies, with 12 per cent. penalty.

The record discloses that a group policy was issued to the Southern Pacific Railway Company by the defendant, and delivered to. one of the railway representatives in the state of New York. The contention is made that appellant's motion for an instructed verdict should have been given, in the absence of any proof of the contents of such group policy or master policy. That the facts are that a group policy is issued to the railway company and then, upon names of the employees being furnished to the insurance company, the latter issues individual certificates to the individual employees, evidencing the fact that they are insured. Appellant cites a number of cases, mostly from other jurisdictions, on the proposition that where the individual policy refers to and shows to be dependent on the group policy for the terms and conditions. expressed therein, no recovery can be sustained without the introduction of such group policy.

In Duval v. Metropolitan Life Ins. Co., 82. N. H. 543, 136 A. 400, 402, 50 A. L. R. 1276, the court said: "A group or master policy is issued to the employer, containing a full recital of the contract stipulations. The employer reports to the insurer the names of employees who have accepted the offer of insurance, and thereupon a certificate for each such employee is sent by the insurer to the employer. The certificates state that they are issued under, and subject to, the terms and conditions of the group policy. The insurance is effective only during the term of employment."

To the same effect is Spande v. Western Life Indemnity Co., 61 Or. 220, 117 P. 973, 122 P. 38; Higman v. Hood, 3 Ind. App. 456, 29 N. E. 1141; Seavers v. Metropolitan Life Ins. Co., 132 Misc. Rep. 719, 230 N. Y. S. 366.

■ We believe that where the individual policy shows a complete contract between the insurer and the insured to insure the individual employee, stating the amount of such insurance and giving other terms and conditions, a recovery may be had upon proof of the individual policy. This assignment is overruled.

■ The first policy issued to the appellee was signed by the president of the insurance company on the first page thereof. On the back or reverse side there is some writing, which provides the amount of insurance that the insurance company will pay to the employee when he is shown to have been permanently, continuously, and wholly prevented by injury from performing any work for compensation or profit. That upon receipt of due proof of such disability the insurance company will pay to such employee in lieu of the payment at death of the said insurance on the life of such employee, equal monthly installments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability. Then is stated various amounts of insurance, and the number of indemnity installments payable thereon, and the amount of each monthly installment. Objection is raised to the introduction and consideration of all the writing on the reverse side of the policy, and appellant cites such cases as Burbank v. Pioneer Mutual Insurance Association, 60 Wash. 253, 110 P. 1005, Ann. Cas. 1912B, 762; Wilstach v. Heyd, 122 Ind. 574, 23 N. E. 963; Goddard v. East Texas Fire Ins. Co., 67 Tex. 69, 1 S. W. 906, 60 Am. Rep. 1. In the last-cited case it is said that in order to constitute any statement or promise of the insured a warranty, it must be made part of the policy, either by appearing in the body of the instrument, or by a proper reference in the policy to some other paper in which it is to be found. That where there is doubt as to the intention of the parties to treat any outside papers as a part of the contract, the courts give the benefit of the doubt to the assured, and construe the policy liberally in his favor. In this case the clause which appellee sought to be construed as part of the policy was not written or printed on the same paper with the rest of that instrument, nor was it referred to in the policy as forming a part of the contract between the appellant and the insurance company. The Supreme Court, in an opinion by Chief Justice Willie, properly held that the conditions of the clause on a detached paper could not be treated as entering into the contract. The other cases cited seem no more pertinent to the question here involved.

It has been held many times in this state that the signature of a contracting party to an instrument may be affixed to the instrument either at the close or in the body, or at the beginning, if it appears that the signature was written by the one purporting to sign the contract, and was intended as an evidence of his assent to the conditions contained in the contract. Therefore we conclude that it was immaterial whether the signature of the officers of the insurance company appeared on the first page of the policy or on the second page. This policy was issued by the officers of the insurance company, and its terms bind said company, even though some of the terms may not be written on the first page thereof and before the signature of the president.

In the case of National Ben Franklin Fire Ins. Co. v. Brown, 253 S. W. 632, by the Court of Civil Appeals at Austin, the court held that a fire insurance policy covering only one page, and containing stipulations printed on the back thereof but not referred to in the policy and not signed by any one, were not binding upon the insured. This holding is but another statement of the rule in force in Texas that where there is any reasonable doubt as to whether a stipulation is enforceable against the insured, the insured will be favored. In the cited case there was a stipulation on the reverse side prescribing within what time a suit may be brought on the policy, and, according to said stipulation, it was contended by the insurance company, that the suit was not brought within the time prescribed. In support of the court's ruling, 26 Corpus Juris, p. 76, is cited as follows: "Conditions and stipulations indorsed on the policy or written in the margin are to be construed as portions of the policy, if sufficiently referred to in the body of the instrument, and will control the printed provisions in case of irreconcilable conflict. But the rule does not apply where the indorsement is in no way referred to or incorporated into the policy."

■ The evidence was that the plaintiff was a man 39 years of age; that he had been doing railroad work since he was 14 years of age; that he knew no other work; and that he could not get employment as a brakeman or other railroad employee connected with the movement of trains with his left hand stiff and useless. The record shows that since his injury his wife and father-in-law had bought a farm in the eastern part of Tarrant county and that they were managing it. That he drove a Hudson car with his right hand. That they had 41 acres in the farm and raised chickens and fruit. That during the fruit packing season they employed sometimes two or three other people to help gather the fruit; that he looked after that. That since quitting the railroad business he had not tried to get employment in any other line. That they had eight cows on the farm and he had tried milking one of them with more or less success. That he could do anything that a man with one hand could do if he knew how. That if he had a position as salesman requiring him to use an automobile and drive two and fro selling articles or taking orders, or taking orders for anything that wholesale houses had to sell, he believed he could do that. That he used the English language very well, though he had only gone through the fourth grade at school.

Appellant urges that it is not shown that he is totally and permanently disabled, though the testimony of the doctors would

support the finding of the jury that he was permanently disabled.

In Buckner v. Jefferson Standard Life Ins. Co., 172 N. C. 762, 90 S. E. 897, it is said: "The authorities are practically unanimous that under the terms of this policy plaintiff cannot recover without showing a bodily injury that will incapacitate him, not only from following his usual avocation of fireman, but also from pursuing any other gainful occupation. The language is too plain, and the meaning too unmistakable, to permit an enlargement of the terms of the contract by construction. It is unfortunate for the plaintiff, but 'it is so nominated in the bond.'"

In 4 Cooley's Briefs, p. 3293, it is said: "The provision may limit total disability to the inability to carry on any and all kinds of business. Under such a clause the insured must be unable to perform, not only the duties of his usual occupation, but the duties of any other occupation."

Joyce on Insurance, § 3031, says: "In ascertaining the meaning, reference must be had to the entire contract and the exact terms used. The words may necessitate that the assured should be so far disabled as to prevent his following any occupation or labor."

In Commonwealth Bonding & Casualty Ins. Co. v. Bryant (Tex. Sup.) 240 S. W. 893, where the court was inquiring as to the meaning of a phrase of an insurance policy which obligated the insurance company to pay a specified amount weekly for an accident which would "wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation," our Supreme Court, speaking through Justice Greenwood, said: "The court will not give such a literal interpretation to the language of this contract, wherein the larger weekly indemnity is promised, as to practically relieve the insurer of all obligation thereunder. Such would be the effect of a decision discharging plaintiff in error from all liability if defendant in error, after his injury, could do anything required of him as a railroad conductor. Hefner v. Fidelity & Casualty Co., 110 Tex. 605–607, 222 S. W. 966, [160 S. W. 330]. The language of the policy is fairly and justly susceptible of the interpretation, which, we think, should be given to it, that the larger indemnity was promised if the injuries rendered the insured substantially unable, in the exercise of ordinary care, to perform every material duty pertaining to his occupation"— citing cases.

It will be noticed that the wording of the clause referring to the disability of the insured is materially different in the policy in the cited case and in the policy in the instant case. Here the insured "must be permanently, continuously and wholly prevented thereby [by reason of his injury] from performing any work for compensation or profit." In the cited case, and in many other insurance cases in Texas, the wording of the policy was that the insured "must be wholly disabled and prevented from performing any and every kind of duty pertaining to his occupation." The evidence showed that the plaintiff had not tried to get any other kind of work than that of railroading since his injury, and we think that it is undoubtedly true that an able-bodied man whose ability to work is not impaired except from a disabled wrist and hand could find an abundance of work to do by means of which he could earn compensation. Therefore, we are constrained to hold that the plaintiff below did not make out his case by proof that he was totally, continuously, and permanently disabled from performing any work for compensation. Since it appears that the case has been fully developed and no useful purpose could be served by reversing and remanding the cause, the judgment below is reversed and here rendered for appellant.

Reversed and rendered.