## George F. Lawrence v. Samuel Dole.

Washington,
July,
1839.

Under the plea of *non est factum*, the defendant may give notice of special matter

Quære. Whether the defendant may not give notice of special matter, under any general issue, or even without pleading the general issue.

In a contract for the sale of land, if the price is to be paid at the time of the conveyance, the covenant to convey and to pay the price are dependent covenants, and the plaintiff cannot sustain an action for the price, without averring in his declaration a readiness to convey, and proving on trial his ability to convey.

If the contract be "to convey the land by a deed of conveyance," for a stipulated price, this is not fulfilled by executing a deed of conveyance merely.

The party must be able to convey such a title as the other party had a right to expect, and this is to be determined from the fair import of the terms used, with reference to the subject matter.

Parol testimony may be resorted to, to show the condition of the subject matter of a contract, for the purpose of aiding the construction of terms used in a written agreement.

The stipulations of such agreement, when under seal, may be waived by a parol agreement without consideration, and such waiver will be good if the other party have acted in faith of such waiver.

Consideration of some of the modes of altering contracts by subsequent stipulations.

THIS was an action of covenant broken, brought upon an indenture, made by and between the plaintiff and defendant, on the 23d day of February, 1838, wherein the plaintiff covenanted, that he would "convey to the said Samuel, by a deed of conveyance, a tract of land in Plainfield," &c., if the defendant would pay to the plaintiff, $650,00, on or before the first day of March, 1838, and if the plaintiff should neglect so to convey the land, as aforesaid, he would pay the defendant one hundred dollars; and the defendant, on his part, covenanted, that he would take such conveyance of the premises and pay the plaintiff therefor, $650,00, and in case he should neglect so to do, he would pay the plaintiff one hundred dollars.

The plaintiff averred, that, on the first day of March, 1838, at Plainfield, he was ready and willing to execute, and did execute and tender to the defendant a deed of conveyance of the premises, and that the defendant refused to accept said deed, and pay the aforesaid sum of $650,00, though the plaintiff was ready and offered to receive said sum of

Washington,
July,
1839.

Lawrence
v.
Dole.

$650,00, of the defendant; and that the defendant also refused to pay the plaintiff the sum of one hundred dollars in said indenture mentioned.

Plea, *non est factum*, with notice of special matter.

Issue to the court.

Upon the trial in the county court, it was proved to the satisfaction of the court, that the land referred to in the bond was understood by both parties to be land which the plaintiff held by virtue of a perpetual lease from the town. It was also proved, that on the first day of March, 1838, the parties were together, and it was agreed that defendant should have the land for $630, and that plaintiff would accept of defendant a note, signed by defendant and James Palmer, payable in two days, for that amount, instead of the mode of payment and sum specified in the bond, which note the defendant procured to the satisfaction of the plaintiff; but the defendant declined to deliver it and take a deed of the premises agreed to be conveyed, because they were incumbered by a mortgage to one Keith, to the amount of $550, and two years rent was then due the town, both of which facts were fully proved. Keith had directed said Palmer to receive the amount of the mortgage, and plaintiff at that time offered to agree that he might retain the amount in his hands, out of the note, and also tendered to defendant a deed of quitclaim duly executed, conveying the land named in the bond, with a covenant against the mortgage to Keith, but not against the rent due the town. This deed the defendant refused to accept in fulfilment of plaintiff's part of the obligation. The plaintiff objected to any evidence being given by the defendant of the facts stated in the notice, which objection was overruled. The county court rendered a judgment in favor of the defendant, and the plaintiff excepted.

*J. A. Wing & L. B. Peck*, for plaintiff.

1. In covenant, there is no general issue, and all matters of defence must be specially pleaded. 1 Swift's Dig. 669. 1 Ch. Pl. 522. Saunders' Pl. & Ev. 393.

If there be no other plea on the record but *non est factum*, all the averments, except the making and delivery of the deed, stand admitted. 2 Stark. Ev. 430.

We admit, however, that any matter may be given in evidence, under this plea, tending to show that the deed was void when executed.

The statute, authorizing notice of special matter to be given with the plea of not guilty, *nil debet*, &c., does not extend to any case where the plea does not negative the whole declaration.

2. The offer of the deed of the land to the defendant, by the plaintiff, was a sufficient performance on the part of the plaintiff.

A conveyance by the plaintiff of all the title he had, at the time of making the indenture, was a performance of his covenant; for it was known to the defendant, at the time of making the contract, that the land was held under a lease reserving rent. *Stow* v. *Stevens*, 7 Vt. R. 27. *Aiken* v. *Sanford*, 5 Mass. R. 294.

*W. Upham*, for defendant.

Had the defendant a right to give notice of his defence, under the plea of *non est factum?*

By the 98th Sect. of the Judiciary Act, the mode of pleading adopted by the defendant, in the court below, is allowed. *Non est factum*, is the general issue in covenant, and under it, special notice of facts, intended to be relied upon in defence, may be given. But it is said that this plea does not put the whole declaration upon proof, and that nothing can be given in evidence under it, save what relates to the execution of the instrument upon which the action is founded. In this the counsel for the plaintiff is mistaken. Under the plea of *non est factum*, the defendant may give in evidence anything that shows the deed to be void at the time of bringing the action, as the coverture of the covenantor at the time of the execution of the deed ; 12 Johns. R. 337 ; or lunacy. Str. R. 1104. Or fraud. Lofft, 457. 13 Johns. R. 430. So an alteration in the deed, &c. 5 Com. Dig. 119. b. Or misreading to an unlettered man. Story's Pl. 205. Giving notice under this plea has been long in practice, and this is the first time I have known its propriety questioned.

The opinion of the court was delivered by

REDFIELD, J.—In this case the court have found no difficulty with the preliminary question made, in regard to the defendant's right to give notice of special matter, under the plea of *non est factum*. The words of the statute are, "That the general issue of not guilty, *nil debet*, or any other gener-

al plea proper to the action, whereby the whole declaration is put upon proof, according to the nature of the case, may be made by the defendant, under which general plea the defendant shall have leave to give any special matter in evidence, &c., the defendant giving notice in writing with the plea of the special matter, &c." It is argued that the present plea is not such a general issue as is contemplated in the statute, as it does not put the plaintiff upon the proof of his whole declaration. But I apprehend, that when the plaintiff declares upon a sealed instrument, the plea of *non est factum* does put the plaintiff upon the proof of his whole declaration. That the defendant was competent to contract, i. e. sane, and did contract, is all the plaintiff alleges, and this he must prove upon this issue alone. Although the phraseology is not a little indistinct, from an attempt to make it very perspicuous, still I apprehend the first sentence was intended to secure to the defendant the right of pleading generally ; the second sentence being further intended to secure the right of giving special matter in evidence, without the necessity of a formal plea in bar. In this view, it is difficult to perceive, why the latter right should have any necessary dependence upon the defendant having exercised or waived the other. I see no good reason to deprive the defendant of the right of giving notice of special matter, because he has omitted to put the plaintiff upon the proof of what he does not wish to dispute. Nor do I believe such could have been the intention of the legislature ; nor do I find such has been the practice, to any considerable extent, in any part of the state. It is believed the practice has been to suffer special matter to be given in evidence, by way of notice, in all actions, and under every general issue.

Upon the merits of the case two questions arise :

1. Whether the plaintiff has sufficiently performed, on his part, to enable him to sustain an action upon the contract ? and

2. Whether an agreement with defendant by parol, and without consideration, but before any breach had occured, to accept of something else in lieu of the thing specified in the contract, which agreement the defendant acted upon and performed, so far as he would be bound to, will exonerate him from his obligation ?

In regard to the first point, it is believed there can be little doubt. This contract was for the sale and conveyance by plaintiff to defendant of a certain piece of "lease-land," at a specified price to be paid at the *same time* the deed was to be executed. In such cases the seller must always be ready and able to perform upon his part, as a condition precedent to any obligation on the part of defendant to pay the money. Where the transaction is a sale, and the thing to be performed goes to the *whole* consideration and is in contemplation of the parties to happen either *before* or *at the time* of the payment of the price, it is always held to be a condition precedent. 1 Saunders' R. 320. d. n. 4 & 5. *Large* v. *Cheshire,* 1 Ventris' R. 147. *Duke of St. Albans* v. *Shore,* 1 H. Black. 270. *Ferry* v. *Williams,* 8 Taunton, 62, 4 C. L. 18. In the latter case, where the condition precedent was the making title to land, it was held to be sufficient in the declaration to allege that plaintiff " was *ready* and willing to make such title." This allegation was held to imply that plaintiff was *able* to make such title, and that such *ability* must be *proved* on trial. See also upon this point, to the same effect, *Mason* v. *Corder,* 7 Taunton, Rep. 9. 2 C. L. Rep. 7. See also *Porter* v. *Shephard,* 6 Term R. 665, and *Lock* v. *Night,* 1 Strange 569. Also the numerous cases cited in the note to 1 Saunders, 320, d. There is no lack of authority upon this subject, howmuchsoever doubt and difficulty there may be, as it respects many matters pertaining to the nature, kind, quality, and extent of conditions, in *deed,* and in *law.* *Gardiner* v. *Corson,* 15 Mass, R. 500.

It has been argued in the present case, that the extent of plaintiff's obligation was fulfilled by the execution of a deed, and that it was at the risk of defendant whether it conveyed title. The agreement now in suit specifies the land sold, but is silent in regard to the title. The price was $650, and the covenant to convey was in these words: " to convey to said Samuel, by a deed of conveyance, a certain tract of land," &c. Can it be with propriety said that this covenant is satisfied by the " execution of a deed of conveyance?" Nothing could be more absurd. The contract is, not to execute a deed merely, but " to *convey,* by a deed, &c. *a certain tract of land.* Could language be more explicit? What is implied in conveying land? Surely, that the *title* shall be con-

WASHINGTON, July, 1839.

Lawrence
v.
Dole.

veyed. I admit, that when the contract is in terms, for the *execution of a deed of conveyance*, merely, the obligee must take the risk of the title, provided the party do not divest himself of the title which he had at the time of the contract. *Stow* v. *Stevens*, 7 Vt. R. 27. *Sir Anthony Mayne's case*, 5 Coke, 21. When too the contract in terms requires the execution of a deed with covenants, there may be reason to suppose the parties intended to look to the covenants as the muniments of the title. It was upon this ground that the case of *Aiken* v. *Sandford*, 5 Mass. R. 494, was decided. So also the cases of *Parker* v. *Parmele*, 20 Johns. 130, and *Gazley* v. *Price*, 16 Johns. 266. These cases were very fully considered and very ably illustrated in the opinions delivered by the late Ch. J. Spencer. It was correctly held, undoubtedly, that when the contract *in terms* has reference to the deed only, it is a sufficient performance to execute such a deed as is specified. But when the contract expressly refers to the title to be conveyed, then the plaintiff, in order to recover, when the covenants are dependent upon each other, as in the present case, must not only aver readiness to convey but must prove his *ability* to convey such title as is contemplated by the parties. *Jones* v. *Gardiner*, 10 Johns. 266. The case of *Judson* v. *Wass*, 11 Johns. 525, although an action of assumpsit, I consider involves the same principle with the present. There the purchaser refused to complete the sale, because the seller had no title to all the land sold, and the court held that he was not obliged to go forward with the contract. The contract there was to convey the land; so was it here. How then is it material whether the contract was by deed, or in writing without seal, or without writing? It is a question of construction merely. And the *terms* must have the same force in all *forms* of contract. In contracts of this kind, as well as all others, we must frequently resort to the proof of the circumstances attending the transaction, although not specified in the writing, in order to determine the force of the terms used. Hence, when it was shown in the present case, that both the parties, at the time of the contract being made, understood that the plaintiff had only a leasehold title to the premises and that no other could be obtained, we should not consider the contract as extending beyond the conveyance of such a title. To that extent, from

the terms used, it is very obvious the plaintiff did intend to bind himself to convey an unincumbered title.   This he had it not in his power to do.   The defendant, therefore, was not obliged to part with his money.   *Gazley* v. *Price, supra.* *Parker* v. *Parmele, Ferry* v. *Williams,* and most of the other cases cited.

Where the contract refers to the instrument only, I think an obligation to convey land by a *good* and *sufficient* deed, and to deliver possession of the same, does require, that the defendant should either be in possession of the land, or at least, that there should not be, at the time of the execution of his deed, an adverse possession, so as to render the deed inoperative.   It is upon this ground only that I dissented from the opinion of my brethren in the case of *Preston* v. *Whitcomb,* decided on the present circuit.  *Ante,* 47.   And I here beg leave to refer to the preceding suggestions, as containing the reasons for my dissent in that case.

This decides the case against the plaintiff, without the necessity of passing upon the other point presented in argument.   But we think it very evident, that there was no failure on the part of the defendant, for which plaintiff could maintain an action, even if he had performed on his own part.  It is a well settled principle in the law of contract, and equally applicable to all classes of contract, where relied upon by way of defence, that *either* party may waive, either absolutely or conditionally, any stipulation in his favor, at any time before a breach.   2 Stark. Ev. 6 ed. 78.   B. N. P. 152.   2 Lev. 124.   *Gomery* v. *Bond,* 3 M. & S. 378. In short, this principle is so familiar and runs so extensively throughout all the departments of the law of contract, that to cite authority in its support, seems like " heaping demonstration upon the shoulders of demonstration."   It goes upon the ground, that where one party has induced the other to *act* upon *declarations* simply, he must be bound by them, although made without consideration, and affecting his interest ever so deeply.   Where this alteration is in regard to a condition precedent, and is necessary to be shown by the party, afterwards seeking redress upon the contract, it is required that the alteration should be by a contract of as high a nature as the original contract ; else the party performing the altered contract will lose his remedy.   *Creig* v. *Talbot,* 2 B. &

WASHINGTON, C. 179.  *Porter* v. *Stevens*, 2 Aikens' R. 417.  But where
July,
1839.  this is relied upon by way of defence, it is not material, that

Lawrence  the alteration, if made before any breach, should have been
v.  upon consideration or under seal, in any case; for if *acted*
Dole.  *upon*, it is sufficient.  1 Swift's Dig. 288.  1 Johns. R. 22.
If the payee agree to an alteration of a contract, and the
payor fail to perform either the original or substituted con-
tract, the payee may sue upon the original contract.  *Wood*
v. *Winship*, 12 Mass. R. 481.  *Baker* v. *Mair*, 12 Mass. 121.
It may be true, perhaps, that a mere naked agreement to al-
ter a contract may be revocable, while the parties may be
placed *in statu quo*, but not otherwise, I apprehend.  And
an agreement upon consideration to alter a contract has been
held irrevocable, but probably it should be of as high a na-
ture as the original contract; or should have been acted up-
on as in the present case.

But after a breach of contract, whether simple or under
seal, a mere *accord* without *satisfaction* is no defence.  But
an accord and satisfaction is wholly inapplicable to the sub-
ject of subsisting contracts.  And the decision, in this case,
rests, it will be perceived, upon grounds wholly different.

                                        Judgment affirmed.