### HIRAM HILL *v.* SMITH & CARPENTER.

*Contract. Sale. Damages.*

The defendants contracted to deliver the plaintiff a certain quantity of oats in the month of January following at a certain price, for which the plaintiff paid them in full in advance. The defendants delivered a portion of the oats in January, and it was then agreed by the parties that the defendants need not deliver the remainder in that month, provided they would deliver them as fast as the plaintiff should want them. The defendants accordingly delivered oats to the plaintiff during the following spring and summer until July, when they declined furnishing the remainder due under the contract. The price of oats remained the same from the time of making the contract until through January, but advanced between that month and July. The plaintiff brought assumpsit against the defendant, declaring on the contract as originally made, and setting forth as a breach the non-delivery of the oats in January, and claiming only general damages. The declaration also contained the common counts; *Held*, that under this declaration no higher measure of damages could be recovered than such as resulted from the non-delivery in January, and that in order to recover the advance in price between January and July, the declaration should set forth the enlargement of the contract.

In an action for the breach of a contract for the sale and delivery of an article, the measure of damages is its market value at the time stipulated for its delivery, and this rule is not varied by the payment of the price in advance.

ASSUMPSIT. The declaration, the facts in the case, and the charge of the county court, so far as they are material to the questions decided, are sufficiently stated in the opinion of the court. In addition to the special count mentioned in the opinion of the court, the declaration also contained the common counts.

To the charge of the court as detailed in the following opinion, the defendants excepted.

29

*A. J. Willard* and *J. Ross,* for the defendants.

*J. D. Stoddard* and *Slade & Edwards,* ·for the plaintiff.

BARRETT, J. The declaration sets forth and counts upon a contract made on the 6th day of December, 1856, for the delivery, by the defendants at their store, within the month of the then next January, of two thousand bushels of oats, for the price of thirty-six cents per bushel, towards which twenty-five dollars was paid by the plaintiff at the date of the contract, and the residue of the purchase money was to be and was paid by the plaintiff within the then next week. The breach alleged is that the defendants did not deliver the oats within said month of January, nor at any time since, though then and since demanded and requested by the plaintiff, who was ready to receive them. General damage only is averred.

The evidence showed that along in said month of January till about the 20th, the plaintiff received, at the store of the defendants, a large quantity of the oats, at which time one of the defendants told the plaintiff that he did not know as he could get the oats all in the month of January, to which the plaintiff replied that it would make no difference, provided they got them for him as fast as he wanted them ; that from time to time till 'the middle of July, the plaintiff continued to get oats from the defendants' store, at which time the defendants told the plaintiff that they could not deliver any more. This suit is brought to recover the damage caused by the non-delivery of the residue of the two thousand bushels.

It was proved that through the winter oats remained at about the contract price, but that at the time of the refusal by the defendants to deliver any more, the price had advanced to fifty or seventy-five cents per bushel.

The court charged " if the jury found the time of delivery was extended by the request of the defendants, and they knew that the plaintiff was relying upon receiving the oats of them, and when ultimately called upon for the oats, they refused to deliver them, and the oats had risen in value, the plaintiff would be entitled to recover the value of the oats at the time of their refusal to·deliver them, and interest since that time."

The foregoing statement, with the charge thus quoted, sufficiently developes the point of exception that we are called on to decide.

The subject seems to stand for consideration in two aspects, viz : either that what passed between the parties, in the character of a waiver of performance by the delivery of the oats within the month of January, changed the rights and liabilities of the parties from what they were under the written contract, or that the rule of damage is different by reason of the purchase money having been paid in advance, from what it would be if the money was to have been paid on the delivery of the oats.

As to the first aspect, if, in the language of the charge, " the time of delivery was extended by the request of the defendants," and in such a sense as to affect the rule of damage, and entitle the plaintiff to an increased measure, it must be regarded as an alteration of the contract from what it was upon the paper, into a new one by parol, and consequently in order to entitle the plaintiff to recover the enlarged measure of damages, the new contract resulting from such alteration should have been counted upon.

It seems to me, and as I understand, to some other members of the court, that there is no difficulty in holding that, under his declaration and proofs, the plaintiff might recover the money he has paid for the undelivered oats or the market price of the oats at the time of the alleged breach. If the defendants should assert the alleged waiver of delivery in the month of January, in answer to the alleged breach, we should regard it necessary for them to show that they had performed under the waiver, in order to render such waiver available to them in defence. If it should turn out that the defendants had not performed according to the terms of the waiver, the parties would then stand upon the same ground of right and liability as if no waiver had been made ; *Lawrence* v. *Dole,* 11 Vt. 549. Such we understand to be the idea of the learned Judge in *Cummings* v. *Arnold,* 3 Met. 486.

In this case the defendants claim nothing in defence by reason of the alleged waiver. We think then if the plaintiff would claim anything by reason of the enlarged time for the delivery of the oats, and the ultimate refusal of the defendants to deliver them in pursuance of the enlargement, his declaration should be

framed to cover the contract as thus enlarged and altered. In other words, we think that between the contract set forth in the declaration and the one assumed in the charge there is a variance. Whether, upon what transpired between the parties touching the time in which the oats might be delivered in satisfaction of the defendants' undertaking, the plaintiff *must* count upon the contract as enlarged by parol, in order to entitle him to recover at all, it is not now necessary to decide.

Under the declaration as framed, we think the parties must be regarded as standing upon the contract as written, duly performed on the part of the plaintiff, and not performed by the defendants, and unaffected by what is shown to have transpired between them, as to waiving delivery within the time specified in the written contract.

It remains to be considered upon the same aspect of the case, whether the plaintiff is entitled to the rule of damage given to the jury in the charge, by reason of having paid *in advance* for the oats, agreeably to the stipulation in the contract of purchase. It is to be noted that there is no averment of special damage in the declaration, nor did the evidence show what specific damage the plaintiff had sustained. It was left to be inferred from the fact that at the time of the ultimate refusal by the defendants to deliver more oats, the market price of oats had advanced. That advanced price was adopted as the rule of recovery.

It is argued that if the contract had been for the delivery of the oats within a time specified and for payment on such delivery, under such a declaration as this, the rule of damage would have reference to the price of the oats at the time specified for their delivery, and that rule would not have been affected by the fact of a dispensation of strict performance by delivery within the specified time, such as occurred in the present case.

Whether the fact that the purchase money was paid in advance varies the rule of damages, is a question on which the cases and the text books are in some conflict and confusion. Without entering into a discussion for the purpose of adjusting the balance of authority or the comparative merits of the different views adopted by different courts and judges, it seems sufficient for present purposes to say that it has not been adjudged in this

State, that payment in advance in ₣  ₐ case varies the rule of damages, and so far as any indica'   can be gathered from the cases involving, in greater or less   gree, this subject, it seems to be in the direction of not permit·  ₐg that fact to affect the rule.

Upon principle, as well as in view of practical consequences, we prefer the result at which Mr. SEDGWICK has arrived upon a most elaborate and able examination of the subject, that the market value, or price on the day of the breach of the contract, controls the measure of damages.   This result is spiritedly endorsed by Chancellor KENT, whose attention was specially called to the subject by a criticism upon the rule as laid down by him in the original edition of his commentaries.   See Sedgw. on Dam., pp. 278, 274 and note ; 2 Kent's Com. 480, (6th Ed.) Chancellor KENT's language is, " I do not regard the distinction alluded to as well founded or supported.   It is disregarded or rejected by some of the best authorities cited.   The true rule of damage is the value of the article at the time of the breach, or when it should have been delivered."

The judgment of the county court is reversed and the case remanded for a new trial.