B. A. HUNT *v.* G. B. ALLEN.

May Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed August 29, 1901.

*Chattel mortgage—Affidavit of husband joining in mortgage of wife's property*—If a husband join with his wife in a chattel mortgage of her property to secure the obligation of both, the requirement of the statute in respect to an affidavit by each mortgagor and mortgagee applies to him.

*Record of mortgage not duly executed not constructive notice*—A chattel mortgage, without the affidavit and jurat required by statute, is not an instrument required by law to be recorded, and if such a mortgage is recorded, the record is not constructive notice thereof.

*A chattel mortgage is not recorded if the affidavit or jurat is omitted from the record*—The affidavit and jurat appended to a chattel mortgage constitute a part of the instrument for record; and though a chattel mortgage is duly executed in all respects, if the affidavit or jurat is omitted from the record, the instrument is not, in law, recorded.

*Record of an instrument among chattel mortgages is not constructive notice of its character as a mortgage of real estate*—The record of a mortgage of both real and personal property in the records of chattel mortgages is not constructive notice of the mortgage as a mortgage of real estate.

*Leaving for record as constructive notice*—The leaving of a mortgage of both real and personal estate in the town clerk's office is not constructive notice thereof as a mortgage of real estate unless it was left for record as such.

*Parol release of security when acted on as a defence to an action for conversion*—To an action in trespass and trover brought by the holder of a mortgage under seal for the alleged conversion of personal property covered by the mortgage, it is a sufficient defence that the mortgagee had by parol before the alleged conversion waived or released his security as to the property in question, and that such waiver or release had been acted on.

*Exception raising an abstract question*—The defendant, a mortgagee, applied on his mortgage debt the avails of certain lumber taken from his mortgagor, and these avails did not fully pay the debt.

Hence an exception, based upon the claim that, if such lumber was more than enough to pay the defendant's debt, the plaintiff was entitled to the balance, was without force.

TRESPASS AND TROVER for lumber.  Plea, the general issue.  Trial by jury, Lamoille County, June Term, 1900, *Rowell,* J., presiding.  Verdict and judgment for the defendant.  The plaintiff excepted.

The plaintiff sought to recover for a quantity of spruce lumber manufactured at the mill of one Weed in Lowell, all of which the defendant had.  Two car loads of it were from the stock of 1897, and three car loads from the stock of 1898.  The plaintiff claimed the stock of 1897 by virtue of the two mortgages specifically described in the opinion.  He claimed the stock of 1898 by virtue of a mortgage, or of mortgages, duly executed in all respects and duly recorded, covering lumber, logs and standing timber, and containing an agreement as to stumpage.

The defendant held three chattel mortgages given by said Weed and covering lumber situated at said mill.

*B. A. Hunt,* plaintiff, *pro se.*

*George M. Powers* and *R. W. Hulburd* for the defendant.

WATSON, J.  The mortgage of June 1, 1897, from Weed and wife to the plaintiff, was executed both as a mortgage on real estate and as a chattel mortgage.  The title to the property mortgaged was in Mrs. Weed.  The mortgage was recorded the day after its date in the town clerk's office of Lowell, in the records of mortgages of personal property, but it was never recorded in the land records.  The record of the certificate of the oath did not show that Mr. Weed subscribed and swore to the affidavit appended to the mortgage.  The mortgage was conditioned for the payment by Weed and wife of a note of even date therewith for $925.89, signed by them and the plaintiff, and payable to the United States Banking and Trust Com-

pany, for saving the plaintiff harmless therefrom, keeping the property in good condition, and paying the plaintiff all that either of them owed him or might owe him. The mortgage of June 19, 1897, was duly executed in all respects as a chattel mortgage. It was recorded in the town clerk's office of Lowell the first day of July following, but the record entirely omitted the affidavit thereto, and the record of the certificate of the oath did not show that any of the parties to the instrument, except Mrs. Weed, subscribed and swore to the affidavit. The plaintiff claimed that it was not necessary for Mr. Weed to swear to the mortgage of June 1, as the title to the property was in Mrs. Weed, and therefore that the record of the mortgage was good as against the defendant. The court held otherwise and ruled and charged that the record of neither of these mortgages was constructive notice to the defendant. To this the plaintiff excepted.

To constitute a mortgage on personal property valid against any person except the mortgagor, his executors and administrators, unless the possession of the property is delivered to and retained by the mortgagee, the mortgage must be executed in accordance with the provisions of Chapter 108 of Vermont Statutes, and recorded in the office of the clerk of the town in which the mortgagor resides at the time of making the mortgage, or, if he resides out of the state, in the town where the property is situated: V. S. 2251, 2252; *Longey* v. *Leach,* 57 Vt. 377.

By section 2253, each mortgagor and mortgagee, or, in the absence of the mortgagee, his agent or attorney, shall make and subscribe an affidavit as therein specified, which affidavit with the certificate of the oath signed by the authority administering the same, shall be appended to the mortgage and recorded therewith. Such an affidavit and such a certificate are made essentials to the validity of the mortgage, and they to-

gether with the mortgage constitute one instrument for record. A mortgage without these essentials is not executed in accordance with the statute; it is not an instrument required by law to be recorded; and if recorded, the record thereof is not constructive notice of the mortgage: *Isham* v. *Bennington Iron Co.,* 19 Vt. 230. Therefore the plaintiff's contention that it was not necessary for Mr. Weed to make and subscribe the affidavit to the mortgage of June 1, was unsound, and the ruling thereon was without error.

If the chattel mortgages of 1897 were duly executed in all respects, but the affidavits, or the certificates of the oath signed by the authority administering the same, were omitted from the record, the mortgages were not recorded in law. In *Sawyer* v. *Adams,* 8 Vt. 172, it was held that if a deed, as it appears on the record, contains defects which would render it void, if they existed in the original, although no such defects were in the original, such deed is treated as not recorded.

The mortgage of June 1, was also executed as a mortgage of real estate, but it was never recorded in the land records. Its registry in the records of mortgages of personal property was not constructive notice of the mortgage of real estate: *Sawyer* v. *Adams, supra.* But it is contended by the plaintiff that the leaving of it in the town clerk's office for record was constructive notice of the mortgage of real estate, even though it was never in fact recorded in the land records. However, this question is not before us; for it does not appear that it was left there for record as a mortgage of real estate. It may have been left for record only as a chattel mortgage, in which case, the clerk would have no authority to record it as a mortgage of real estate: *Blair* v. *Ritchie and Warden,* 72 Vt. 311. To be constructive notice of a mortgage of real estate, it must have been left for record as such.

The exception to the ruling and charge on the question of constructive notice is therefore without avail.

The evidence tended to show that the lumber on which the plaintiff had a mortgage, and the lumber on which the defendant had mortgages, were so mixed by Weed, without the fault of the plaintiff or the defendant, that they could not be separated; and the court charged that if that was so, and the three car loads that defendant had in 1898, came from the commixture, the plaintiff could not recover for any part thereof, unless the defendant took more than his proportionate share of the whole commixture; but if he did, he would be liable for the excess that was covered by the plaintiff's mortgages, provided the plaintiff did not give Weed license to sell the stock of that year. To the charge on this subject, as far as it related to any of the stock of 1897 that was carried over into the stock of 1898, the plaintiff excepted. The charge on this point was broad enough to say, in effect, that such license if found would be effective to release the lumber covered by the stumpage mortgage, if the defendant had any of it; to which defendant excepted, claiming that as that mortgage was under seal, a parol license would not have that effect.

The plaintiff's testimony tended to show that some thirty thousand feet of spruce boards stacked in the millyard were carried over from 1897 into the stock of 1898, and the testimony on the part of the defendant tended to show that the plaintiff gave Weed unconditional parol license to sell the stock of the latter year. The jury found that he gave such license, and on that ground alone found for the defendant as to that lumber.

So much of the stock of 1897 as was carried over into the stock of 1898 became and was a part of the stock of that year. The evidence tending to show the license, made no distinction in that regard, and the court properly made none in the charge.

Nor does the fact that the stumpage mortgage was under seal lessen the effect of the license. Before any sale of the property mortgaged, the plaintiff gave Weed license to sell the stock of 1898 which included some lumber covered by the stumpage mortgage under seal. In effect, the license was a waiver or release of the plaintiff's security on that stock, and it was acted upon by the sale of the lumber to the defendant. When relied upon by way of defence, such a parol waiver or release acted upon is sufficient, and the contract's being under seal is no exception to the rule: *Lawrence* v. *Dole,* 11 Vt. 549; *Dearborn* v. *Cross,* 7 Cow. 48. The principle upon which this broad rule is based is that it would be a fraud upon the party acting upon such waiver or release to be thus mis-led by the party to whom he was obligated.

The defendant testified that when he took the three carloads he did not have in mind his mortgages. The court charged that the mere fact that the defendant did not then have his mortgages in mind, did not disentitle him to stand on whatever rights he had thereunder and to the avails of the lumber that he was taking to be applied on his mortgage debt; and that he was to be taken as acting under his mortgages, although he did not have them in mind, and stood just as well as though he had them in mind. To this the plaintiff excepted, for that if there was more than enough lumber to pay the defendant's claim the plaintiff could hold the balance. The record states that the defendant applied the avails on his debt secured by the mortgages and that they did not fully pay the same; hence this exception is without force.

*Judgment affirmed.*