J. F. COLSTON *v.* W. W. BEAN.

May Term, 1904.

Present: ROWELL, C. J., START, WATSON, and HASELTON, JJ.

Opinion filed August 31, 1904.

*Chattel Mortgage—Mortgagee's Verbal Permission to Sell Property—Effect—V. S. 2260, 2262.*

Under V. S. 2260, "the person injured" by the sale of personal property covered by a mortgage, without the consent of the mortgagee indorsed on the mortgage and written on the record thereof, may be the mortgagee, or his assigns, or the vendee of the mortgagor.

The unconditioned verbal permission to sell mortgaged personal property, given by the mortgagee to the mortgagor, operates as a release of the mortgage.

To an action for fraud, alleged to have been perpetrated by the defendant upon the plaintiff by selling him mortgaged personal property as free from incumbrance, it is a good defence, notwithstanding the provisions of V. S. 2260, that the mortgagee had given the defendant verbal permission to sell the property.

CASE for fraud. Plea, the general issue. Trial by jury at the June Term, 1903, Windsor County, *Tyler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*J. D. Denison* for the defendant.

The court erred in ruling that a verbal license to sell, given by the mortgagee to the mortgagor, would be no defence. After sale and delivery under such license the mortgagee is estopped from foreclosing his mortgage. *Reynolds* v. *Roberts,* 57 Vt. 392.

*Joseph C. Enright,* and *Edward R. Buck* for the plaintiff.

HASELTON, J. Section 2259 of the Vermont Statutes provides that a mortgagor of personal property shall not sell the same without the written consent of the mortgagee indorsed on the mortgage and on the record thereof. Section 2262, which was amended in 1896, provides for the prosecution and fine of a mortgagor who, without such written consent, sells mortgaged personal property, one-half of the fine to go to the State and one-half to the person injured. Obviously, the person injured may in some circumstances be the mortgagee, or his assignee, and in other circumstances may be a purchaser from the mortgagor. The phrase "person

injured" is used advisedly and wisely and the statutory pro-
visions are of a clear and effective character.

This was an action on the case for fraud alleged to have
been perpetrated by the defendant upon the plaintiff, in the
sale by the former to the latter of certain wagons and sleighs
incumbered by a mortgage.  Evidence on the part of the
plaintiff tended to show that the defendant represented the
property to be free of incumbrance.  Evidence on the part
of the defendant tended to show that he informed the plaintiff
that the property was mortgaged, but told him that he had a
right to sell.  It appeared that the plaintiff paid the defendant
for the property and took possession of a small portion
thereof, but that the greater part, being in an unfinished
condition, was left with the defendant to finish for the plaintiff,
and that subsequently the wagons and sleighs were marked
with the name of the plaintiff.  The plaintiff's evidence tended
to show that after such marking the property was attached
as the defendant's, that he then learned of the mortgage, and
that the mortgagee threatened him with suit if he took pos-
session of the property.  Shortly after the attachment, which
the plaintiff's evidence tended to show, the defendant was
adjudged a bankrupt, and the loss of the property to the
plaintiff ensued.

For the purposes of the trial, the court instructed the
jury that, under section 2260 of Vermont Statutes, it was no
defence to this action, if the defendant had verbal permission
from the mortgagee to sell the property.  The question pre-
sented to this Court is whether this instruction was correct.
This action for fraud is not in any way dependent upon the
statute.  It is a common law action the right to which was
not given by the statute, and was not taken away by the
provisions of the statute.  In this action it is for the plaintiff

to make out that he was actually defrauded. If the defendant, as his evidence tended to show, gave the plaintiff notice of the incumbrance, then, if the defendant had verbal permission from the mortgagee to sell the property, the plaintiff was not defrauded. Such verbal permission when acted upon operates as a release, or waiver of the mortgage. *Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103. There was evidence tending to show that the plaintiff was not a *bona fide* purchaser, and that there was neither misrepresentation, nor concealment, on the part of the defendant, and that any loss which the plaintiff suffered came upon him because of the course which, with his eyes open, he chose to take with reference to the property after making the purchase and paying over his money.

We hold that the charge to the effect that in no view of the evidence would verbal permission to sell, given to the mortgagor, avail the defendant, was erroneous. This holding in this action on the case for fraud does not in any way touch the question of what constitutes a defence to a proceeding under the statute.

*Judgment reversed, and cause remanded.*