ELIAS PROUTY *v.* HERBERT N. NICHOLS.

Appointed Special Term at Brattleboro, February 16, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed May 10, 1909.

*Landlord and Tenant—Trover—Evidence—License to Sell Leased Property—Effect—Distinction Between License to Sell and License to Exchange.*

In trover for the conversion of a pair of oxen by purchasing them from one to whom plaintiff had, by a sealed instrument, leased them together with his farm and other live stock, and who had no right under the terms of the lease to sell any of the live stock, it was error to exclude defendant's offered evidence that after the execution and delivery of the lease, the question of the lessee's right to sell any of the stock, including the oxen, arose between him and plaintiff whereupon they conferred with the draftsman of the lease who advised that the lessee had such right to sell, and that thereupon plaintiff and the lessee agreed so to construe the lease, and that they acted on that agreement till after the lessee sold the oxen to defendant.

The offer was not vitiated by the part thereof relating to the advice of the draftsman, as that tended merely to show how it came about that the license offered to be shown was granted.

Regardless of the fact that the lease was under seal, if the oxen were sold under a verbal license from plaintiff, he could not recover of defendant.

License or agency cannot be proved by the declaration of the licensee or agent.

Where the lessor of a farm and the live stock thereon gives the lessee the right to exchange such stock, he is not thereby authorized to sell them.

TROVER for a pair of oxen. Plea, the general issue. Trial by jury at the April Term, 1908, Windham County, *Powers*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

It was error to exclude defendant's offered evidence of the agreement made after the execution of the lease, as that agreement tended to show a license to sell the oxen in question. *Flanders* v. *Fay*, 40 Vt. 316; *Sherwin et al.* v. *Rut. & Bur. R. R. Co.* 24 Vt. 344; *Frost* v. *British Mercantile Ins. Co.*, 77 Vt. 416.

The offered evidence also tended to show an estoppel. *Turner* v. *Waldo*, 40 Vt. 51; *Locklin* v. *Davis*, 71 Vt. 321; *Strong* v. *Ellsworth*, 26 Vt. 366; *Cady* v. *Owen*, 34 Vt. 603.

*Chase & Daley* for the plaintiff.

The offer by the defendant to prove the construction put upon the lease by the draftsman was an offer to prove the opinion of a non-expert witness. It was an offer to vary a written instrument by parol evidence, and was inadmissible on both grounds. The terms of a lease cannot be added to, contradicted or varied by parol. *Rickard et ux.* v. *Dana*, 74 Vt. 74; *Knapp* v. *Town of Marlboro*, 29 Vt. 282; *Fletcher* v. *Phelps*, 28 Vt. 257; *Cook* v. *Babcock*, 7 Cush. 526; 17 Cyc. p. 622 K; *Noyes* v. *Adams*, 6 Vt. 628; *White Sewing Machine Co.* v. *Feeley*, 72 Conn. 181.

The court also properly refused to allow the defendant to show the conversation between Platt and Nichols at the time the oxen were sold by Platt to the defendant. It not appearing

that the plaintiff was present. *Law* v. *Town of Fairfield,* 46 Vt. 425; *Judevine* v. *Weaks,* 57 Vt. 278; *Hackett* v. *Amsden,* 59 Vt. 553.

HASELTON, J. This was an action of trover for the alleged conversion of a yoke of oxen. Trial by jury was had. A verdict for the plaintiff was returned and judgment was rendered thereon.

The plaintiff leased a farm with the farming implements and the live stock thereon to one Platt for a term of five years. Included in the live stock was a certain yoke of oxen. The lease, which was in writing, and which was duly signed, sealed, delivered and recorded, contained the following clause: "At the expiration of this lease the party of the second part does agree with the party of the first part to return to said party of the first part the above personal property or its equivalent in as good condition as it is received, loss by fire and accident excepted."

Counsel agree that by the terms of the lease Platt did not have the right to sell the live stock referred to. Nevertheless, he sold the oxen to the defendant and received pay therefor.

On trial the defendant offered to show, in substance, that after the execution and delivery of the lease, the question as to the right of Platt to sell any of the stock, including the oxen, came up between the plaintiff and Platt, that they conferred with the draftsman of the lease who advised that Platt had such right to sell, and that the plaintiff and Platt thereupon agreed so to construe the lease, and that Platt had the right to sell the oxen, and that both the plaintiff and Platt acted upon their mutual agreement as to the construction of the lease until a time later than the sale of the oxen by Platt to the defendant Nichols. The offered evidence was excluded and the defendant excepted. As, however, the evidence offered tended to show a license to sell the oxen its exclusion was error. If Platt sold the oxen under a license from the plaintiff, although such license was verbal merely, the plaintiff could not recover of the defendant. *Colston* v. *Bean,* 77 Vt. 40, 58 Atl. 795; *Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103; *Lawrence* v. *Dole,* 11 Vt. 549.

That part of the offer which related to the advice of the draftsman tended merely to show how it was that the parties came to treat the lease as they did, and how it came about that

the license offered to be shown was granted. The offer was not vitiated by anything contained in it.

The fact that the lease was a sealed instrument has no bearing upon the question of a license to sell. *Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103; *Lawrence* v. *Dole,* 11 Vt. 549.

During the examination of Platt he was asked this question: "At the time you sold the oxen to Mr. Nichols did you inform Mr. Nichols that you had had any conversation with Mr. Prouty, the plaintiff, in regard to selling the oxen?" The question was excluded and an exception was taken. In excluding this question there was no error. There was no offer, but in view of other evidence in the case this question appears to have been an attempt to prove license or agency by the declarations of the licensee or agent. This could not be done. *Sias* v. *Lighting Co.,* 73 Vt. 35, 50 Atl. 544.

The court instructed the jury that if the plaintiff had given Platt leave to exchange the oxen that would not give Platt a right to sell them. The defendant excepted to this instruction; but in the circumstances of this case we think the instruction was correct. The lessor might well consent to an exchange but refuse to consent to a sale proper, for in case of an exchange the stock would quite likely be kept good, whereas a sale without a corresponding purchase would deplete it.

For error in excluding evidence under the offer to show a license to sell, the

*Judgment is reversed and the cause remanded.*