FRANK B. MARTIN ET AL. *v.* MARTIN & CARPENTER.

May Term, 1924.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 8, 1925.

*Party for Whose Benefit Covenant Inserted May Waive It by Parol—Evidence of Mortgagee's Oral Consent to Cutting Logs Admissible Notwithstanding Provision of Mortgage Required Written Consent—Question Not Raised Below Not Considered in Supreme Court.*

1.  While an executory contract under seal cannot be modified by parol so as to interpose a new element or add new terms,

waiver of covenant by party for whose benefit it is inserted may be made by parol, such waiver not being a modification or change in terms of original agreement, but falling within rule that a contract under seal may be released, surrendered, or discharged by matters *in pais.*

2. In action of trover for alleged conversion of certain logs cut from the premises in contravention of provision of mortgage that written consent of mortgagee must first be obtained, *held* that defendants were entitled to show that cutting was done pursuant to an understanding between mortgagee and mortgagor resting in parol.

3. Question relating to measure of damages, although briefed, will not be considered by Supreme Court, where question was not saved below.

ACTION OF TROVER. Plea, not guilty. Trial by jury in city court of Barre, *H. W. Scott,* Judge, presiding. Verdict for the plaintiffs directed by the court, and judgment on verdict. The defendants excepted. The opinion states the case. *Reversed and remanded.*

*Wm. Wishart* and *J. W. Gordon* for the defendants.

*J. Ward Carver* for the plaintiffs.

TAYLOR, J.   The action is trover for the alleged conversion of certain logs sold to the defendants by one Duchaine. The plaintiffs had sold a farm and personal property to Duchaine and his wife, taking a second mortgage on the real estate as well as a mortgage on the personal property to secure a part of the purchase price. The first mortgage was held by the Federal Land Bank, the proceeds of which the plaintiffs had received as a part of the purchase price of the farm. One of the conditions of the plaintiffs' mortgage of the farm was that the Duchaines should not "cut any wood, timber, trees or lumber from said premises except as the same shall be necessary for fuel to be used on the premises and for repairs to buildings and fences without the written permission of the mortgagee." It was in evidence and undisputed that Duchaine cut the logs in question and sold and delivered them to the defendants at their saw mill; that the defendants paid him therefor $166.32, which was "a

fair price"; that the proceeds of the sale were applied on the mortgage to the Federal Land Bank; and that Duchaine did not have written permission of the plaintiffs to do the cutting. The defendants undertook to show that the cutting was done pursuant to an understanding between the plaintiffs and Duchaine resting in parol. The court held as a matter of law that in conformity with the condition of the mortgage the defendants could only show a written consent and announced that he should exclude all testimony of an oral consent. Exceptions were saved to this ruling and to the action of the court in striking out certain testimony tending to show parol consent, as well as the exclusion of specific questions asked for the same purpose. At the close of the evidence the court sustained plaintiffs' motion for a directed verdict for $166.32, to which the defendants excepted. These exceptions raise substantially the same question and can most conveniently be considered together.

[1] The theory on which the rulings excepted to were made was that the condition of the mortgage precluded the defense relied upon. The argument is that the condition of a sealed instrument cannot be modified or waived by parol, and that the evidence relied upon in defense would offend the parol evidence rule. It is well settled that an executory contract under seal cannot be modified by parol so as to interpose a new element or add new terms, which can be accomplished only by a writing. But it is equally well settled that a waiver of a covenant by the party for whose benefit it is inserted may be made by parol. Such waiver is held not to be a modification or change in the terms of the original agreement, but is deemed within the rule that a contract under seal may be released, surrendered, or discharged by matters *in pais. Becker* v. *Becker,* 250 Ill. 117, 95 N. E. 70, Ann Cas. 1912B, 275. The doctrine is of general application and confined to no particular class of cases. *Clark* v. *West,* 193 N. Y. 349, 86 N. E. 1.

We are not aware that the precise question has before arisen in this Court, but the general doctrine has been repeatedly recognized in our cases. It was said by Judge Prentiss by way of argument in *Porter* v. *Stewart,* 2 Aikens, 417, 427, "that where there is a covenant to perform a certain thing at a certain time, if performance of another thing, or performance at a different time, be accepted in lieu of the other, it is an answer to an action for the non-performance of the thing stipulated.

The distinction is between pleading the matter as a defense and making it the ground of an action.'' It was held in *Farnham* v. *Ingham*, 5 Vt. 514, that a subsequent parol agreement that a note could be paid in a different way than that expressed therein when the agreement had been performed, could be given in evidence in defense of an action on the note. *Lawrence* v. *Dole,* 11 Vt. 549, is a leading case on the subject. It is there said to be a well-settled principle in the law of contract, where relied upon by way of defense, that either party may waive any stipulation in his favor at any time before breach. It is pointed out that the principle is equally applicable to all classes of contracts; and that if made before breach it is not material, in any case, that the alteration should be upon consideration or under seal, for if acted upon it is sufficient. ''It goes upon the ground,'' said Judge Redfield, ''that where one party has induced the other to act upon declarations simply, he must be bound by them, although made without consideration, and affecting his interest ever so deeply.''

Following *Lawrence* v. *Dole* it was said in *Dana & Henry* v. *Hancock*, 30 Vt. 616, that waiver of contracts in writing, even those under seal or within the Statute of Frauds, may be shown by parol evidence as matter of defense. But that there must have been performance according to the terms of the waiver to give effect thereto, is expressly held in *Hill* v. *Smith & Carpenter,* 32 Vt. 433, and the same case, 34 Vt. 535, 545. It was decided in *Armington* v. *Houston,* 38 Vt. 448, 91 A. D. 366, that where property is sold upon condition that title is not to pass until payment, but with the understanding that it is to be sold by the buyer in the ordinary course of business, the seller would be estopped from asserting any right to it adverse to one who had purchased it in good faith and without notice of the condition. *Prouty* v. *Nichols,* 82 Vt. 181, 71 Atl. 1045, 20 L. R. A. (N. S.) 1030, is somewhat in point. It was an action of trover for the alleged conversion of a yoke of oxen, admitted to be the property of the plaintiff. The defendant had purchased the oxen of one Platt, a tenant of the plaintiff's farm with the live stock thereon. The lease, which was under seal, contained a stipulation for the return of the personal property ''or its equivalent'' at the expiration of the lease. On trial the defendant offered to show in substance that the plaintiff had agreed with Platt that the latter had the right to sell any of the stock, and that both acted upon

their mutual agreement respecting the construction of the lease until a time later than the sale of the oxen to the defendant. The offer was excluded which this Court held to be error. It was decided that if Platt sold the oxen under a license from the plaintiff, which the offered evidence would tend to show, the plaintiff could not recover, although such license was verbal merely.

*Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103, *Colston* v. *Bean,* 77 Vt. 40, 58 Atl. 795, and *Rogers* v. *Whitney,* 91 Vt. 79, 99 Atl. 419, are more nearly in point than the cases referred to above, because of the provision of the statute requiring that permission to sell mortgaged chattels should be in writing. The earlier case was an action of trespass and trover for lumber mortgaged to the plaintiff by one Weed by an instrument under seal, and sold by Weed to the defendant. Evidence was introduced tending to show that the plaintiff gave Weed parol license to sell the lumber. The court charged that such license, if found, would be effective to release the mortgage, to which the plaintiff excepted on the ground that, as the mortgage was under seal, a parol license would not have that effect. It was held on review that the license was in effect a waiver or release of the plaintiff's security on the lumber, which was acted upon by the sale of the lumber to the defendant; and that, when acted upon, such a parol waiver or release afforded a sufficient defense to the action. Speaking of the principle upon which the rule is based it was said that it would be a fraud upon the party acting upon such waiver or release to be thus misled by the party to whom he was obligated. In *Colston* v. *Bean* the ruling of the trial court was to the effect that in no view of the evidence would verbal permission given to the mortgagor to sell the property covered by a chattel mortgage avail the defendant. The exception to the ruling was sustained, it being held that such permission, if acted upon, was available as a defense, notwithstanding the provision of the statute requiring such permission to be in writing. Finally, it was held in *Rogers* v. *Whitney,* that an unconditional license to sell mortgaged property operates when acted upon, as a waiver of the security; that it is wholly immaterial whether such license is oral or written, express or implied; and that such a license when acted upon is final, and a waiver results as a legal consequence. See also *Zeno* v. *Mason,* 90 Vt. 173, 97 Atl. 355.

[2]   The distinction pointed out in *Porter* v. *Stewart, supra,* runs through all the cases and distinguishes those relied upon by the plaintiffs.   Their claim that the defendants' counsel expressly waived the defense is untenable.   In one connection counsel said he waived "the talk they had with reference to the trees, whether or not he gave permission"; but this was said after the court had made the ruling excepted to, and evidently related to the pending question.   The whole record discloses that the defendants did not waive, but to the end relied upon, the claimed defense.   There is some disagreement in the cases as to how the defense should be classified, whether as a waiver or as an estoppel *in pais.*   See *Rogers* v. *Whitney, supra.*   But however characterized, it is ·clear that the defendants were entitled to make the offered defense.   It follows that the pertinent exceptions should be sustained.   This result disposes of substantially all the questions argued.

[3]   The defendants brief the question relating to the measure of damages, claiming that the depreciation of the plaintiffs' security, and not the value of the lumber at the mill, would be the true measure of damages.   It does not appear, however, that any such claim was made below.   No exception was saved relating to the matter of damages, hence the question is not before us for review.

*Judgment   reversed   and   cause   remanded.*