MANLEY BROTHERS COMPANY, INC. *v.* E. X. SOMERS.

May Term, 1927.

Present: ·WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*"Waiver"—Waiver of Lien by License To Sell—Burden on Plaintiff in Action of Trover Claiming Violation of License To Resell Property Sold Conditionally—Insufficiency of Findings To Show Violation of License for Resale.*

1. A waiver is an intentional relinquishment of a known right, and may either be in express terms or may be implied from attending circumstances.

2. License to sell mortgaged property, whether express or implied, constitutes an intentional relinquishment of a known right, and, if such license is unconditional, it operates when acted upon as a waiver of security.

3. In action of trover for conversion of automobile sold conditionally, but upon understanding that buyer might resell in ordinary course of business, where defendant secured findings that amounted to an unconditional license to sell, it was incumbent upon plaintiff, if he claimed conditional license, to secure a finding to that effect.

4. In action of trover against member of partnership for conversion of automobiles sold partnership conditionally, with privilege of resale in ordinary course of business, finding that automobiles were sold either by partnership or by its corporate successor, who continued business theretofore conducted by partnership, where partnership had continued to function after organization of such corporation, *held* not to justify assumption that automobiles were sold by any one other than partnership, or that partnership sold them in any way other than that authorized by license.

ACTION OF TORT for conversion of certain automobiles sold conditionally. Plea, general issue. Heard by court at the April Term, 1926, Windham County, *Sherburne*, J., presiding. Judgment for the plaintiff. The defendant excepted. The

opinion states the case.    *Reversed, and judgment for defendant to recover his costs.*

*S. Hollister Jackson* and *John W. Gordon* for the defendant.

*W. R. Daley* and *E. W. Gibson* for the plaintiff.

SLACK, J.    This is an action of trover for the alleged conversion of five automobiles, namely, a Chevrolet sedan No. 240058, a Nash car No. 137644, a Maxwell car No. 280732, an Essex roadster No. 60480 and a Hudson speedster No. 47303. Plea, the general issue, and trial by court.    On the facts found plaintiff had judgment, to which defendant excepted.    This is the only exception relied upon.

It appears from the findings that in June, 1919, the defendant and one B. W. Goodfellow formed a partnership under the name of The Goodfellow Company; that on November 19, 1919, the same persons with one Miles formed a corporation "and continued the automobile business theretofore conducted by the partnership." The automobiles in question were purchased, conditionally, by the partnership from John B. Manley, doing business under the name of Manley Brothers. Such purchases were made at different times during the latter part of the summer, and the fall, of 1919 (the last purchase being on November 18, 1919), and in each instance the partnership gave in payment of the automobile purchased a conditional sale note, by the terms of which it was agreed that the automobile for which the note was given should be and remain the property of Manley Brothers until said note and any renewal or renewals thereof were fully paid. At the time of these several transactions the Manley Brothers understood and expected that the automobiles were purchased for the purpose of resale by the vendees in connection with their automobile business. Each of the original notes was renewed several times by notes to which no lien was attached. The last renewal of any of the notes is dated September 21, 1921. The original notes, except one which was signed "The Goodfellow Co., B. W. G.", and the renewals given prior to the formation of the corporation above mentioned were signed "The Goodfellow Co., by E. X. Somers"; the renewals given after the formation of such corporation were signed "The Goodfellow Co., Inc.    E. X. Somers Treas." All of the latter notes

were indorsed on the back by Somers and Goodfellow. On November 11, 1921, the plaintiff which, as appears from the writ in this suit, is a corporation organized and doing business under the name of "Manley Brothers Company, Inc." brought suit against the corporation formed by Somers, Goodfellow, and Miles, and attached and took possession of all its property, following which that corporation went into bankruptcy. Prior to such bankruptcy, these automobiles were sold, either by the partnership or corporation with which defendant was connected, and neither ever paid any part of the purchase price therefor, except a payment on the Nash car made before August 9, 1921. The Manley Brothers assigned the conditional sale notes and all claims thereunder to the plaintiff prior to the commencement of this suit.

The judgment is challenged on several grounds, only one of which requires consideration. As already seen, the Manley Brothers at the time of the several sales to the partnership "understood and expected that said Goodfellow Company was purchasing said cars for the purpose of resale in connection with their automobile business"; and so far as appears they did not then, or thereafter, express, or in any way intimate, their disapproval thereof. The defendant insists that the silence of Manley Brothers respecting a resale of the automobiles when they knew that such was the purpose for which they were purchased amounted to an implied consent to resell, and consequently was a waiver of the liens reserved by them.

[1, 2] A waiver is the intentional relinquishment of a known right, such relinquishment may be in express terms or may be implied from the attending circumstances. A license to sell mortgaged property whether express or implied, constitutes an intentional relinquishment of a known right, and, if such license is unconditional, it operates, when acted upon, as a waiver of the security. *Rogers* v. *Whitney,* 91 Vt. 79, 99 Atl. 419; *Colston* v. *Bean,* 77 Vt. 40, 58 Atl. 795; *Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103; *Ufford* v. *Winchester,* 69 Vt. 542, 38 Atl. 239; *Perry* v. *Dow,* 56 Vt. 569. See also, *Martin et al.* v. *Martin & Carpenter,* 98 Vt. 326, 127 Atl. 292. The circumstances relied upon to establish a waiver, that appear of record in the instant case, are on all four with those in *Rogers* v. *Whitney, supra,* where we said "The record before us discloses a typical case of implied license to sell," and held that a waiver of the security

was established. In *Manley Brothers Company, Inc.* v. *Somers,* 100 Vt. 292, 137 Atl. 336, and in *Reed* v. *Rowell,* 100 Vt. 41, 134 Atl. 641, the effect of an unconditional license to sell is recognized to be as above stated, but in each of those cases the license was conditioned upon the avails of the sale being applied on the lien notes, and it was held that, the licensee not having complied with such condition, the license, as to him, was unavailing as a defense.

[3, 4] So far as appears, the license in the instant case was unconditional. If the plaintiff claimed it to be otherwise it was incumbent upon him, in the circumstances, to secure a finding to that effect, since defendant discharged the burden which one who asserts a license has of proving it when he secured findings that amounted to an unconditional license. It follows that, if such license was acted upon by the vendee, that is, if the partnership sold the automobiles, the security of Manley Brothers was waived, and this action cannot be maintained. It is found that the automobiles were sold, either by the partnership or the corporation. This finding, so far as it relates to the corporation's connection, if any, with these automobiles, like other findings touching the same matter, is too vague and indefinite to serve any purpose in the determination of the case. For instance, it is found that after the formation of the corporation it continued the automobile business theretofore conducted by the partnership, but there is no finding that it ever had anything to do with these particular automobiles. For aught that appears, with the exception of the Hudson speedster about which more is said later, they may all have been sold by the partnership before the corporation was formed; or they may have been retained by the partnership and have been sold by it later. That the partnership continued to function as such after the corporation was organized appears from the finding that the former purchased the Hudson speedster after the formation of the latter, which finding is supported by the fact that the note and lien given therefor were signed by the partnership and not by the corporation. With the findings standing thus, it cannot be assumed that the partnership transferred these automobiles, or any of them, to the corporation, by sale or otherwise, or that the corporation in fact sold any of them. In short, it is not found, nor do the findings justify the inference, that the automobiles were sold by any one other than the partnership, or that

the partnership sold them in any way other than that authorized by the license. We have, then, an unconditional license to sell, acted upon by the licensee, which defeats a recovery in this action.

This conclusion makes consideration of other questions raised unnecessary.

*Judgment reversed, and judgment for defendant to recover his costs.*