L. COLODNY *v.* AMERICAN CLOTHING CO., INC.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 7, 1935.

*Hubert S. Pierce* for the defendant.

*Searles & Graves* for the plaintiff.

SHERBURNE, J.    This is an action to recover a claimed unpaid balance for rent and one other item.    Trial was by court.

From the facts found it appears, that the plaintiff gave the defendant a lease, dated February 16, 1925, of a store in plaintiff's block in Newport for the term of five years, with the option given the defendant to continue the same for an additional five years if it so desired. This lease was executed by both parties on March 9, 1925, and is under seal. It provided for a yearly rental of $2,500 to be paid on the first of each month beginning March 1, 1925. It contains a provision that the defendant "is to furnish its own heat and electric lights."

"Within a very short time after the execution of this lease, either the same day of the execution or the day after, the plaintiff and the defendant through its president * * * entered into a verbal agreement to the effect that the plaintiff would heat the premises in question for $500 a year additional rent, making a total rent of $3,000 a year instead of $2,500 as provided in the written lease. It was agreed between the parties that this increased rental was to continue during the term of the lease."

"The defendant paid its rent by monthly checks of $250 each from the time it went into possession of the premises on or about February 16, 1925, up to the month of January, 1934. On January 8, 1934, it sent its check for $208.33 which was received by the plaintiff as part payment on the month's rent of $250 due on January 1st. On many of these monthly checks the word 'rent' appears. It was intended by both plaintiff and defendant that the original written lease should be merged or incorporated into the subsequent oral agreement and that the whole agreement in character should be reduced to the oral agreement then entered into and this intention was adopted, acted upon and carried out by both parties for a period of nearly nine years."

"On February 14, 1929, the defendant notified the plaintiff of its intention to continue the lease for the additional period provided in the written lease. The plaintiff wrote the defendant declining to give the defendant the right to so continue, but the defendant did continue and paid its rent by monthly checks of $250, so that its rent was paid in full on the basis of $3,000 a year from the time it first occupied the premises up to January 1, 1934. On December 12, 1933, the defendant wrote a letter to the plaintiff notifying the plaintiff in effect that after December 31, 1933, inasmuch as the defendant planned to vacate the premises before that date, it would not need any more heat

in the premises in question, nor would it pay the plaintiff for the same, but would only pay the rent on the basis set forth in the original written lease."

The plaintiff claimed that the whole lease was reduced to an oral agreement, or tenancy at will, which had ripened into a tenancy from year to year. The court adopted this theory and found for the plaintiff to recover the sum of $41.67 as the balance due on rent on January 1, 1934. The court also found for the plaintiff to recover $150 on the other item, and this is not questioned here.

The defendant pleaded the general issue and the Statute of Frauds. During the trial it excepted to the admission of parol evidence to prove a contract not to be performed within one year, or to show modification of the written lease because a contract required to be in writing. It seasonably filed requests for findings, and seasonably excepted to the court's failure to find as requested and to the findings as made. Of these, we shall only consider the exceptions to the findings quoted in paragraph 2 of this opinion and to the findings quoted in paragraph 3 beginning with the words "It was intended by both plaintiff and defendant," which were taken upon the ground that these findings were not warranted as a matter of law for the reason that the lease was an instrument under seal, and a contract under seal cannot be varied by a mere parol contract, whether in writing or not, since such a contract is inferior to the original. Substantially the same question is briefed under its exception to the judgment, and it says that a lease under seal cannot be modified by a subsequent oral contract.

■ An executory contract under seal cannot be modified by, or merged into, a mere subsequent parol agreement, varying the terms of its provisions, adding new terms or interposing a new element. *Martin* v. *Martin & Carpenter*, 98 Vt. 326, 328, 127 Atl. 292, 55 A. L. R. 697; *Patrick* v. *Adams*, 29 Vt. 376. 379; *Sherwin et al.* v. *Rutland & Burl. R. R. Co.*, 24 Vt. 347, 349. Such an instrument, however, can be modified by a parol agreement which has been acted upon, but only to the extent that it has become executed. Thus in *Briggs* v. *Vermont Cent. R. R. Co.*, 31 Vt. 211, the parties made a sealed contract to erect a fence according to certain specifications. Later the parties, by a written agreement, not under seal, altered the contract in regard to the height of the fence, and the plaintiff built his fence

accordingly. The plaintiff was permitted to recover for what he had done upon the basis that the whole contract had been reduced to a simple contract. In *McKenzie* v. *Harrison,* 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 A. S. R. 638, it is said, that a parol reduction of rent in a sealed lease was inoperative and void so far as it remained unexecuted, and that the lessor had the right to repudiate it and demand the full amount of rent provided by the lease; but in so far as the oral agreement had been executed, as to the payments which had been made and accepted in full as per the oral agreement, the rule that a contract under seal cannot be modified by parol did not apply.

█ The usual situation of the modification of a sealed instrument, by a parol agreement which has been acted upon, arises under a waiver of a covenant by the party for whose benefit it is inserted. The doctrine of waiver as applied to many of our cases is discussed in *Martin* v. *Martin & Carpenter, supra.* There was no waiver in the instant case. The provision about heat was a new element added to a lease otherwise unchanged, except that the rent was increased by the cost of the heat.

█ The lease provided for an extension of the term as distinguished from a renewal, and made the term originally, not merely five years, but ten years, at the option of the defendant, and its holding over as it did was a sufficient exercise of that option; and when it thus exercised its option, it was in as of the original term. *Quinn* v. *Valiquette,* 80 Vt. 434, 442-445, 68 Atl. 515, 14 L. R. A. (N. S.) 962.

█ The plaintiff points out in his brief that the defendant made no objection at the trial to the admission of parol evidence upon the ground that the lease was a sealed instrument. This was unnecessary. The evidence was immaterial and incompetent as the lease could not be modified by parol.

█ There was no estoppel as claimed by the plaintiff. Estoppel usually arises in such cases under a waiver. *Martin* v. *Martin & Carpenter, supra.* But, as we have seen, this is not a case of waiver. There is no finding that the plaintiff was led to do something to his prejudice.

█ The agreement for heat being still executory, we hold that the original lease was not modified, nor was it merged or incorporated into, or reduced to, the oral agreement.

As it appears that the defendant was supplied with heat during the latter part of December, 1933, for which it has not paid, we do not finally dispose of the case.

*Judgment reversed, and cause remanded. Let 'the defendant recover its costs in this Court.*